[No. 24677. Department One. November 2, 1933.]

NORMAN TAYLOR, *Respondent,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant.*[1]

The *Attorney General* and *Browder Brown, Assistant,* for appellant.

*C. D. Cunningham,* for respondent.

[1]Reported in 26 P. (2d) 391.

MITCHELL, J.—Norman Taylor sustained an accidental injury while engaged in extrahazardous employment on September 1, 1931. The department of labor and industries recognized his claim, and paid time loss until March 27, 1932, at which time his claim was closed with an award of four degrees permanent partial disability.

Within a few days, a letter from the claimant's doctor, written on behalf of the claimant, was, in effect, treated as an application to reconsider the closing of the claim. Thereafter, April 12, 1932, the chief medical advisor of the department made a personal examination of the claimant and filed a report of the same, closing the report with the statement that he would write for the opinion of the surgeon who had operated upon the claimant on account of his injury. The surgeon's answer was received and filed in the cause.

It further appears that, on May 31, 1932, the claimant was again examined by the chief medical advisor of the department, who filed a written report which concluded with the statement, "Hold for ten days for report from Dr. Coberly." Dr. Coberly, under the directions, or with the knowledge and consent, of the department, had continuously treated the claimant after he was injured. He made a report, as requested, on June 2, 1932, giving his views of the case. That report was filed in the cause. On June 14, 1932, the department, upon referring to the examination of the claimant by the chief medical advisor on May 31, 1932, notified the claimant of the termination or closing of the claim, and undertook in the notice to make it relate back to the order entered in March, 1932.

Within a few days, June 23, 1932, the claimant filed an application to the joint board for a rehearing, on the grounds of total disability of the claimant to do

any work. The application for a rehearing was granted by the joint board on June 27, 1932. Considerable testimony was taken on the rehearing and transcribed and filed in the cause; but, upon further consideration, the joint board, on October 10, 1932, declined to pass on the merits of the claim, holding that the right of the claimant to appeal from the order of the department made in March, 1932, "had expired and the statute of limitations had operated against the application of the claimant."

The claimant appealed to the superior court, which appeal resulted in findings and conclusions upon which judgment was entered, among other things, setting aside the order of the joint board of October 10, 1932, and directing the reinstatement of the claim of the appellant and "that he be allowed compensation as provided by law." The department of labor and industries has appealed from that judgment.

The department relies on Rem. Rev. Stat., § 7697, which provides that one aggrieved by any such order, decision or award must, before he applies to the court, serve upon the director of labor and industries, within sixty days from the date on which such order, decision or award was communicated to the applicant, an application for a rehearing before the joint board of the department. The argument on the part of the department is that the sixty-day period provided by the statute commenced to run on March 27, 1932, the date of the order of the director closing the claim; and that, because the application for a rehearing before the joint board was not made until June 23, 1932, more than sixty days after the order of March 27th closing the claim, the application was too late.

It is provided, however, in subdivision (h) of § 7679,

Rem. Rev. Stat., the same being a part of the workmen's compensation act,

". . . that if within the time limited for taking an appeal from an order closing a claim, the department shall order the submission of further evidence or the investigation of any further fact, the time for appeal from such order closing the claim shall be extended until the applicant shall have been advised in writing of the final order of the department in the matter."

That provision of the statute applies here. After the department order closing the claim on March 27, 1932, whether upon its own motion or a request on behalf of the claimant, the department did make further investigation, called for and obtained further report from the outside physician attending the claimant, and also had its own chief medical advisor make personal examinations of the claimant on which reports were filed. This is all verified by the record and the written notice given by the department to the claimant on June 14, 1932, as follows:

"Our records in this matter show that you were here for special examination May 31 in connection with your injury of September 1, 1931. According to the report of Dr. Goodnow, who examined you that date, we find that he agrees with Dr. Miller as to the termination of your claim. We therefore refer you to the closing of this claim dated March 25, 1932."

Of course, the attempt at that date to make the closing of the claim relate back to the first order, since which time the department had, in legal effect, reopened the claim, was wholly futile; and, in our opinion, the statute, reasonably construed, as applied to this case, means that the claimant had sixty days after the notice to him on June 14, 1932, within which to appeal or apply for a rehearing to the joint board of the department, and that his appeal or application

to the joint board made and filed on June 23, 1932, was timely.

While the full record has been presented, the courts are not at liberty to consider the same upon the merits, because to do so would contravene the express policy of the law, which requires, first, a decision on the merits by the joint board of the department. Rem. Rev. Stat., § 7697.

The judgment of the superior court reinstating the claim before the department was correct, but it should be made more specific by directing the joint board, in conducting the rehearing heretofore granted by it, to allow each side to introduce anew all testimony desired, that is competent and pertinent to the issue.

Remanded, with directions to the superior court to enter a judgment in accordance with the views herein expressed.

Respondent will recover his costs pertaining to the appeal.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.