ETHEL S. PARK, *Respondent*, v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Browder Brown, Assist-
ant,* for appellant.

*Hyland, Elvidge & Alvord,* for respondent.

BEALS, J.—One J. G. Park was killed July 12, 1933,
by a fall from a bridge then under construction in
Rainier national park. Eight days later, the widow,

[1]Reported in 51 P. (2d) 620.

Ethel S. Park, filed with the department of labor and industries her claim for a pension, together with an accident report, in which the deceased was described as a bridge subcontractor. The department rejected the widow's claim and also refused to pay the funeral expenses; all upon the ground that the deceased was not a workman, but was a subcontractor, and had not taken steps to bring himself within the act. Upon the rejection of her claim, Mrs. Park filed with the department an application for a rehearing before the joint board, which, after taking considerable testimony, entered its order sustaining the action of the supervisor.

From this order of the joint board, the claimant appealed to the superior court for King county, there presenting her claim to the court, sitting with a jury. A verdict was returned in favor of the plaintiff, the department's motion for judgment in its favor notwithstanding the verdict, or in the alternative a new trial, was denied, and judgment was entered on the verdict, from which the department has appealed.

Appellant assigns error upon the denial of its motion for the discharge of the jury and the determination of the case as matter of law; upon the refusal of the trial court to sustain appellant's objection to certain testimony offered by respondent; upon the denial of appellant's motion for judgment in its favor notwithstanding the verdict; and upon the entry of judgment in respondent's favor.

It appears that Colonial Building Company, a corporation, having accepted a contract from an agency of the Federal government calling for the construction of the bridge in question, entered into an agreement, including the writing hereinbelow quoted, with J. P. Park, the father of the deceased, and James G. Park, who were doing business as J. P. Park & Son, providing for the construction of the bridge, which subcontract reads as follows:

"We, the undersigned, do hereby propose to furnish all labor and material, including structure excavation, for the complete construction of the Laughing Water Creek Detour Bridge on your Rainier National Park Job, Project 'E' 5-A, for the lump sum of Thirty-one Hundred and No/100 ($3100.00) Dollars.

"It is understood that we will do this work in strict accordance with your contract with the United States Government as per plans and specifications as prepared by same."

On the trial before the superior court, respondent offered in evidence the contract above set forth, under which the Parks were to receive $3,100 for building the bridge, which was a mere temporary structure to be used during road construction work, and then offered evidence, which was admitted by the court over appellant's objection, which tended to prove that, in any event, whether the work was accomplished at a cost within their subcontract or not, the Parks were to receive wages, and that they were not, strictly speaking, subcontractors, but were workmen, and therefore within the protection of the workmen's compensation act.

Appellant contends that the contract above quoted was complete in itself, and that respondent had no right under the law to offer parol testimony which would tend to vary or add to the same. Respondent contends that the rule relied on by appellant does not apply in cases where a third party is before the court, and that, in such cases, the true contract between the parties may be shown, such third party not being entitled to avail itself of the rule that parol evidence cannot be introduced to vary or add to the terms of a written contract.

The exception to the parol evidence rule relied on by respondent is well established, and appellant meets respondent's argument by contending that, under

the law, it is not a stranger to the contract or a third party to the controversy, but that, on the other hand, it represents the Colonial Building Company, the principal contractor; and that appellant, as representative of a public interest and as trustee of an involuntary trust, may avail itself of any of the rules of evidence or of substantive law which would have been open to the Colonial Building Company had it been the party defendant to the action.

The parol evidence rule and the exception thereto are too well established in law to require discussion or citation of authority. We are convinced, however, that appellant cannot avail itself of the rule upon which it relies. In all matters connected with the administration of the workmen's compensation act, including such controversies as that now before us, the department of labor and industries, appellant herein, represents, as the agent of the sovereign state, not only the employer, but the workman; and departmental investigations and trials before the superior court should be conducted subject to all applicable laws and rules of evidence and, of course, strictly in accordance with the provisions of the workmen's compensation act and other applicable statutes, with the object of ascertaining the facts and the attainment of a just result, under the law, based upon those facts. While, in such a case as this, the action is against the department, and it is the duty of the department to see that the plaintiff's case is established under the statute and in accordance with recognized rules of law, practice and procedure, we are convinced that, for the purpose of taking advantage of the rule which prevents the admission of parol testimony to vary a written contract, the department occupies rather the position of one not a party to the contract than the representative of the employer.

In the case of *Baker v. Department of Labor & In-*

*dustries,* 181 Wash. 85, 42 P. (2d) 13, this court, considering the scope of Rem. Rev. Stat., § 7697 [P. C. § 3488], which section outlines the procedure to be followed in hearing and determining claims for compensation, said:

"It is apparent from the language of these statutes that it was intended that the department and its officers should have a latitude of discretion commensurate with the duties enjoined upon them, to the end that all claims should be fully and fairly considered, and that the rights of claimants and at the same time the rights of those who are interested and concerned in the integrity and proper application and disbursement of the accident fund, may be fully protected."

We hold that respondent had the right to introduce evidence before the superior court as to what the actual contract between her late husband and his employer was, and that appellant did not, by reason of the circumstances of the case, have the right to have its objection to the evidence of which it complains sustained upon the ground that appellant should be held in law to be the representative of the employer.

Appellant argues that the trial court erred in refusing to decide the questions at issue in appellant's favor as matter of law and dismiss the action. Examination of the record satisfies us beyond any doubt that the evidence presented questions to be determined by the trier of the facts—in this instance, the jury. The Messrs. Park were referred to as employees on reports made to appellant, and payments were made on account of industrial insurance which included their time, together with the other employees. No performance bond was filed by the Parks, and it clearly appears that they at different times engaged in other work for the Colonial Building Company which was not part of the bridge contract. Much other testimony was introduced which tended to show that the Messrs. Park

were not subcontractors, but, on the other hand, came within the operation of the industrial insurance act, and this question was properly by the court submitted to the jury for its determination.

Finding no error in the record which requires reversal of the judgment entered in respondent's favor, the same is affirmed.

BLAKE, MAIN, MITCHELL, and HOLCOMB, JJ., concur.

[No. 25590. Department Two. November 22, 1935.]