[No. 25860. Department Two. March 20, 1936.]

RUTH M. SMITH, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *J. A. Kavaney, Assistant*, for appellant.

*Stanbery Foster*, for respondent.

BEALS, J.—July 31, 1931, Ruth M. Smith, who was then engaged in extrahazardous work and within the scope of the workmen's compensation act, suffered an injury to her hand, for which, after the filing of a

[1]Reported in 55 P. (2d) 603.

claim, she was allowed compensation. Under date April 22, 1932, the supervisor entered an order closing the claim, with time loss to April 19, 1932, and an award based upon a finding of five degrees permanent partial disability. No appeal was taken from this order, but June 14, 1933, Miss Smith applied for a reopening of her claim, alleging that she had suffered an aggravation of her injury since her claim was closed. This application for reopening of her claim was denied July 20, 1933, no appeal having been taken.

Claimant again applied for reopening of her claim upon the ground of aggravation November 15, 1934, and, upon denial of her application by the supervisor, appealed to the joint board. This appeal was allowed, the board directing that the application for reopening the claim be granted ''only as to the question of aggravation, due solely to the injury, occurring subsequent to July 20, 1933.'' Claimant, feeling aggrieved by the limitation inserted by the joint board in its order reopening the claim, appealed from the order to the superior court. After a hearing, the court entered judgment reversing the order appealed from and directing that the cause be remanded to the department with instructions to grant the application for rehearing without limiting in any way claimant's right to show aggravation of disability since the date on which the claim was closed. From this judgment, the department has appealed.

Respondent contends that, upon the hearing by the joint board of her claim for compensation on account of aggravation of her injury, she can recover for any aggravation which she can show has occurred since the closing of her claim April 22, 1932, while appellant contends that respondent can recover only for aggravation which she can show has occurred since July 20, 1933, when her first application for reopening the

claim on the ground of aggravation was by the department denied.

Appellant contends that the order of the joint board, which respondent brought before the superior court for review, was not an appealable order. Rem. Rev. Stat., § 7697 [P. C. § 3488], governing such appeals, reads as follows:

"Within thirty days after the final order of the joint board upon such application for rehearing has been communicated to such applicant, or within thirty days after rehearing is deemed denied as herein provided, such applicant may appeal to the superior court of the county of his residence, but upon such appeal may raise only such issues of law or fact as were properly included in his application for rehearing, or in the complete record in the department."

As the order of the joint board provided for a hearing on respondent's claim for aggravation, it was not a final order. How the board would have construed the order which it entered when respondent and the department sought to introduce their evidence, we do not know. It is possible that the board would have entered a final order with which respondent would have been entirely satisfied. In any event, upon the entry of a final order granting or denying respondent's application, that order would be reviewable on appeal to the superior court. The order which respondent sought to review was not a final order, and therefore was not appealable. *Baker v. Department of Labor & Industries,* 181 Wash. 85, 42 P. (2d) 13.

In the *Baker* case, a somewhat different question was presented, as also in the cases cited therein, but the same principle governs the case at bar, as respondent's appeal presented to the superior court no *final* order of the joint board.

In this connection, it is to be noted that the superior court is without original jurisdiction in workmen's

compensation cases, and that its jurisdiction in connection with the administration of the act is appellate only. *Maddox v. Industrial Ins. Commission,* 113 Wash. 137, 193 Pac. 231; *Maddox v. Industrial Ins. Commission,* 119 Wash. 21, 204 Pac. 1057; *Cole v. Department of Labor & Industries,* 137 Wash. 538, 243 Pac. 7; *Taylor v. Department of Labor & Industries,* 175 Wash. 1, 26 P. (2d) 391.

The judgment appealed from is reversed, with instructions to remand the case to the department for further proceedings.

MILLARD, C. J., BLAKE, MAIN, and HOLCOMB, JJ., concur.