[No. 26564. Department One. July 20, 1937.]

THE STATE OF WASHINGTON, on the Relation of Arlie Winningham et al., Respondents, v. JAY OLINGER, as State Supervisor of Industrial Insurance, et al., Appellants.[1]

The Attorney General and J. A. Kavaney, Assistant, for appellants.

W. E. Heidinger and Theodore B. Bruener, for respondents.

GERAGHTY, J.—This appeal is from a judgment of the superior court granting a writ of mandate commanding the appellant, Jay Olinger, as supervisor of industrial insurance, to approve, as of October 1, 1936, written contracts made by the Clemons Logging Company and Clemons Boom Company with the Grays Harbor Hospital Association for medical aid and surgi-

[1]Reported in 70 P. (2d) 317.

cal and hospital care to injured workmen in the employ of the contracting corporations.

Provision is made in the workmen's compensation act, Rem. Rev. Stat., § 7714 [P. C. § 3503], for furnishing necessary medical and surgical services, including proper hospital care, to injured workmen, these services being in addition to the compensation awarded under the terms of the act and, when supplied directly through the department, taken care of by assessments levied on industry and paid into a departmental fund, designated "medical aid fund." Unlike the industrial accident fund, out of which compensation to injured workmen is paid, and which is sustained by premiums collected wholly from employers, assessments for the medical aid fund are borne one-half by the employers and one-half by the workmen. Rem. Rev. Stat., § 7713 [P. C. § 3502].

In lieu of the medical aid service furnished directly through the department, at the expense of the medical aid fund, by the provisions of Rem. Rev. Stat., § 7724 [P. C. § 3513], an employer, with the consent of a majority of his workmen, may enter into a written contract with physicians, surgeons and owners of hospitals operating the same, or with hospital associations, for medical, surgical and hospital care to his injured workmen. These services are to be under the control and administration, and at the direct expense of, the employer and his workmen. But before such contract becomes effective, it must be submitted to the supervisor of industrial insurance, who may disapprove, when found not to provide for the standard of care contemplated by the act, or when, in his judgment, the owners or management of the hospital or association shall not be such as to produce satisfactory service.

" . . . Any such contract with physician, surgeon, or owner or operator of a hospital, or with a hos-

pital association, so disapproved shall not be valid. Otherwise it shall be approved, and take and continue in effect for any period of time specified therein, not exceeding three years from the date of such approval:   . . ."

Acting under authority of Rem. Rev. Stat., § 7724, the two respondent corporations, with the consent of the majority of their employees, entered into contracts with the Grays Harbor Hospital Association for the furnishing of all proper and necessary medical, surgical and necessary hospital services to their employees, for the period beginning October 1, 1936, and ending September 30, 1939.  Under the contract, the contracting hospital was to be paid for the services rendered as follows:

"That prior to the 15th day of each month between the dates above specified as the period of this contract, the party of the first part shall pay 10% of the State class or subclass rate he would have been required to pay for Medical Aid for each month of operation or part thereof if this contract had not been made, and shall pay to the party of the second part as mutually agreed as follows:   70% of the State class or sub-class rates, the total actual medical aid premium costs to be borne one-half by the employer and one-half by the employees.

"Except that during the months that there is a call by the Medical Aid Department for premium to be paid into the Medical Aid Surplus Fund the party of the first part shall pay 11% of the State class or subclass rate he would have been required to pay under the State plan for Medical Aid."

The contract provides that it may be terminated by the supervisor of industrial insurance, after a hearing conforming to the provisions of Rem. Rev. Stat., § 7724.

These contracts were submitted to the supervisor of industrial insurance for his approval.  He returned them to the contracting employers without his ap-

proval, assigning as his reason that, "since January, 1935, no Medical Aid Contract in the State has been approved for more than a one-year period," and for the further reason that

". . . . the medical contracting physician, surgeon or hospital association must receive all that portion of the Medical Aid premium rate that the employer is not required to pay to the State."

Upon the refusal of the supervisor, this proceeding was brought by the respondents in the court below, resulting in a mandate directing the supervisor to approve the contracts.

The appellants contend, first, that the action of the supervisor of industrial insurance, in approving or disapproving a lieu contract for medical aid, is not subject to review; and secondly, that, if his action is subject to review, this review can be had only as provided in Rem. Rev. Stat., § 7697 [P. C. § 3488]; that is to say, by first applying for a rehearing before the joint board of the department and appealing thereafter from an adverse order of the board to the superior court.

We are of the opinion that the second contention of the appellant, that the superior court was without jurisdiction to enter the judgment appealed from, must be sustained.

As we have repeatedly announced, the courts have no original jurisdiction over controversies arising in the administration of the workmen's compensation act; their jurisdiction is appellate only. *Maddox v. Industrial Ins. Commission,* 119 Wash. 21, 204 Pac. 1057; *Cole v. Department of Labor & Industries,* 137 Wash. 538, 243 Pac. 7; *Puliz v. Department of Labor & Industries,* 184 Wash. 585, 52 P. (2d) 347; *Tennyson v. Department of Labor & Industries,* 189 Wash. 616, 66 P. (2d) 314.

Rem. Rev. Stat., § 7697, provides in part:

"Whenever the department of labor and industries has made any order, decision or award, it shall promptly serve the claimant, employer or other person affected thereby, with a copy thereof by mail, which shall be addressed to such claimant, employer or person at his last known address as shown by the records of the department. Any claimant, employer or other person aggrieved by any such order, decision or award must, *before he appeals to the courts,* serve upon the director of labor and industries, by mail or personally, within sixty days from the day on which such copy of such order, decision or award was communicated to the applicant, an application for rehearing before the joint board of said department, consisting of the director of labor and industries, the supervisor of industrial insurance and the supervisor of safety. . . ." (Italics ours.)

Further provision is made for an appeal to the superior court within thirty days after the final order of the joint board.

The respondent argues that the provisions of Rem. Rev. Stat., § 7697, apply only to the orders, decisions or awards pertaining to a claim; to orders, decisions or awards made in a judicial capacity, and to such orders, decisions and awards as may be the subject of an appeal to and a trial *de novo* in the superior court; that they have no application to orders or decisions made by the department in its administrative capacity, nor to ministerial acts.

We are unable to accept this restricted view of the scope of Rem. Rev. Stat., § 7697. The language of the section is all-inclusive, providing for review of any order, decision or award of the department, first, by rehearing before the joint board and, thereafter, by appeal to the superior court. There are numerous references throughout the compensation act enforcing the view that it was the purpose of the legislature to

supply a self-contained system of administering relief to workmen injured in extrahazardous employment, without appeals to the court, except as in § 7697 provided.

Our conclusion is that, before an appeal may be had to the courts from any action of the department, resort must be first had to the revisory tribunal of the department itself; that is to say, to the joint board, composed of the director of the department, the supervisor of industrial insurance and the supervisor of safety. This is the reasonable and orderly procedure contemplated by Rem. Rev. Stat., § 7697.

The judgment is reversed.

ROBINSON, MILLARD, MAIN, and BLAKE, JJ., concur.