[No. 26625. *En Banc.* February 1, 1938.]

THE STATE OF WASHINGTON, *on the Relation of A. L. Hills, Plaintiff,* v. J. OLINGER, *as Supervisor of Industrial Insurance, et al., Respondents.*[1]

HOLCOMB, BLAKE, and MILLARD, JJ., dissent.

*Harry Ellsworth Foster,* for relator.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondents.

MAIN, J.—This is an original application in this court for writ of mandamus.

A. L. Hills was injured January 28, 1935, while employed by the Kuhn Logging Company in extrahazardous work. He presented a claim to the department of labor and industries, which was allowed, and time loss

[1]Reported in 75 P. (2d) 926.

was paid until he was able to return to work. The claim was closed March 27, 1935. Thereafter, the claim was opened, and the claimant was allowed by the department five degrees permanent partial disability and was paid therefor, the claim being closed April 18, 1935.

Subsequently, the injured workman presented a petition asking that his claim be reopened, on the ground that the injury which he had sustained had become worse and had become aggravated. The supervisor denied the petition, and an appeal was taken before the joint board, which ordered a hearing upon the matter of aggravation, as claimed in the petition. The hearing was held, of which the employer, the Kuhn Logging Company, had notice and had a representative at the hearing. At the conclusion of the claimant's testimony, the attorney for him stated: "I will settle it for three degrees additional. That is my case." No further testimony was offered, and the joint board entered this order:

"That the Supervisor be and hereby is reversed with instructions to reopen and close the claim upon the payment of an additional 3 degrees for permanent partial disability."

Upon receipt of notice of this order, the Kuhn Logging Company protested, by letter, against the allowance of the additional three degrees, and requested ". . . that a hearing be had thereon at which time the testimony of the attending physician be taken." After receiving this request, the department entered this order: "It is hereby ordered that the employer's petition for rehearing, filed March 10, 1937, be and hereby is granted."

Following this, and on March 17, 1937, the secretary of the joint board wrote the claimant, A. L. Hills, this letter:

"Warrant and payment of 3 degrees additional permanent partial disability, in accordance with the Joint Board's and Supervisor's orders, is being withheld pending disposition of the employer's appeal to the Joint Board in the claim.

"We might add that this question of whether or not an appeal by the employer to the Joint Board in protest of an award, is or is not a stay of issuance of a warrant, will be very shortly determined in the case of Crabb vs. the Department on which a mandamus action will be heard by the State Supreme Court on March 26, 1937."

Without so deciding, it will be assumed that the employer in this case had no right to petition for a rehearing, and it will be admitted that the employer's petition for such rehearing did not conform to the regulations of the department.

Even though the employer had no right to a rehearing before the joint board, and the petition therefor was void and ineffectual, because it did not conform to the regulations of the department in such matters, the department, nevertheless, had a right to grant a rehearing on its own motion.

In the case of *State ex rel. Crabb v. Olinger*, 191 Wash. 534, 71 P. (2d) 545, the claimant presented an original application for a writ of mandate in this court, directed to the supervisor of industrial insurance requiring him to transmit proper vouchers to the state auditor authorizing the issuance of warrants in payment of compensation in the total sum of $2,235, which had been awarded to the relator, the claimant, by a previous order of the supervisor. After that order was entered, the supervisor made an order reopening the claim, and the writ was there denied. In the course of the opinion, it was stated that there had not been

" . . . a final disposition of the claim by the supervisor, because there remained to be determined the extent of the claimant's permanent partial disability be-

fore his total compensation could be determined. The claim was not fully adjudicated, in so far as the supervisor was concerned, until the order of February 2, 1937. This was the order on which the application for rehearing was based. As respects this order the application for rehearing was timely."

Following this it was held that, under the supervisory powers reposed in the joint board,

" . . . it may, so long as the claim is still pending before the department, order a rehearing upon its own motion, or upon the suggestion of the supervisor or the application of the employer. The claim was still pending in the department when the rehearing was ordered, because the final steps necessary to have payment made out of the industrial accident fund had not been taken."

The letter of the secretary of the joint board to the claimant, above quoted, shows that it was not the intention of the joint board, when they entered the order directing the supervisor "to reopen and close the claim upon the payment of an additional 3 degrees for permanent partial disability," to have the warrant, even though issued, delivered to the claimant until after the determination of the case of *State ex rel. Crabb v. Olinger,* above referred to, was decided by this court. It thus appears that the matter had only been conditionally determined, and that there had been no final disposition. In the case of *State ex rel. Crabb v. Olinger,* the writ was denied because there had been no final disposition of the claim, and it likewise follows here that the writ should be denied because there was no final disposition of this claim.

In the case of *Abraham v. Department of Labor & Industries,* 178 Wash. 160, 34 P. (2d) 457, the widow of a deceased workman had been allowed a pension of $42.50 per month, and

"The award was made on April 15, 1931, the pension to date from January 4, 1931, and payments were regularly made thereafter to respondent up to April, 1933."

April 24, 1933, approximately two years after the award had been made, and the payments had been regularly made for that period of time, the supervisor of industrial insurance entered an order rejecting her claim and striking her name from the pension roll, for the reason that, at the time of the injury,

" '. . . the deceased was not a workman in the employ of an employer whose work was within the jurisdiction of the Workmen's Compensation Act.' "

From this order, the widow made application for a rehearing before the joint board, which was granted, and resulted in an order sustaining that of the supervisor. From this order, she appealed to the superior court, the department was reversed, and it appealed from the judgment of the superior court to this court. It was there held that an order of the department of labor and industries resting upon a finding of fact that the workman was so employed at the time of the injury as to be within the act was final and conclusive upon the department and upon the claimant, unless it be set aside on appeal authorized by the statute or unless there was something which equity would recognize as sufficient to vacate a judgment.

It is to be observed that the procedure in that case was by appeal to the joint board, and then to the superior court, and not by way of an application for a writ of mandate. The holding of that case, however, is not here applicable, because, as above pointed out, here there was no final disposition of the claim. The claim being one that was still pending in the department, the remedy was by appeal, and not by writ of mandamus.

In the case of *State ex rel. Winningham v. Olinger,* 190 Wash. 697, 70 P. (2d) 317, a writ of mandate was denied, because the matter there in controversy was pending in the department, and an appeal through

the department and to the superior court was the proper avenue of relief. It was there said:

"As we have repeatedly announced, the courts have no original jurisdiction over controversies arising in the administration of the workmen's compensation act; their jurisdiction is appellate only. [Citing authorities and the statute.] . . .

"Further provision is made for an appeal to the superior court within thirty days after the final order of the joint board.

"The respondent argues that the provisions of Rem. Rev. Stat., § 7697, apply only to the orders, decisions or awards pertaining to a claim; to orders, decisions or awards made in a judicial capacity, and to such orders, decisions and awards as may be the subject of an appeal to and a trial *de novo* in the superior court; that they have no application to orders or decisions made by the department in its administrative capacity, nor to ministerial acts.

"We are unable to accept this restricted view of the scope of Rem. Rev. Stat., § 7697. The language of the section is all-inclusive, providing for review of any order, decision or award of the department, first, by rehearing before the joint board and, thereafter, by appeal to the superior court. There are numerous references throughout the compensation act enforcing the view that it was the purpose of the legislature to supply a self-contained system of administering relief to workmen injured in extrahazardous employment, without appeals to the court, except as in § 7697 provided.

"Our conclusion is that, before an appeal may be had to the courts from any action of the department, resort must be first had to the revisory tribunal of the department itself; that is to say, to the joint board, composed of the director of the department, the supervisor of industrial insurance and the supervisor of safety. This is the reasonable and orderly procedure contemplated by Rem. Rev. Stat., § 7697."

In the case of *State ex rel. Washington Motor Coach Co. v. Kelly*, 192 Wash. 394, 74 P. (2d) 16, it was held that, where the department of labor and indus-

tries had refused to take jurisdiction of a matter, the proper remedy to compel it to do so was by writ of mandamus. But that case has no application here.

In the case now before us, since there was no final disposition of the claim by the joint board, the relator was not entitled to the relief sought.

The writ will be denied.

BEALS, GERAGHTY, ROBINSON, and SIMPSON, JJ., concur.

STEINERT, C. J. (concurring in the result)—In view of the fact that a rehearing was granted by the joint board and the further fact that, so far as the record before us discloses, such rehearing has never been concluded, there can be, and is, no effective final order of the joint board requiring payment to the relator by the department. Hence, a writ of mandamus to compel the issuance of a warrant is not available to relator at this time. For these reasons, I concur in the result.

HOLCOMB, J. (dissenting)—According to my belief, the majority opinion is wrong in two features: First, claimant did everything necessary under the procedural portions of the workmen's compensation act and this case is not governed by the decision in *State ex rel. Winningham v. Olinger,* 190 Wash. 697, 70 P. (2d) 317; second, the employer is not given any right to appeal under our statute.

The writ should be granted. I therefore dissent.

BLAKE, J., concurs with HOLCOMB, J.

MILLARD, J. (dissenting)—The majority opinion is not in harmony with other opinions of this court enunciating and reiterating the rule respecting the procedural portions of the workmen's compensation act, with which the claimant complied. *State ex rel. Winningham v. Olinger,* 190 Wash. 697, 70 P. (2d) 317, is not in

point. An examination of the record in that case and in the case at bar will establish that fact. In my view the unsoundness of the majority opinion is so obvious that extended argument to sustain the position of the claimant would serve no useful purpose.

The writ should be granted.