WIRSHING & COMPANY, *S. en C.,* Plaintiff and Appellant, *v.* RAFAEL A. BUSCAGLIA, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 8968. Argued December 5, 1944.—Decided January 9, 1945.

*Vicente Zayas Pizarro* for appellant. *Jesús A. González, Acting Attorney General,* and *J. Rivera Barreras, Deputy Attorney General,* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

The plaintiff partnership, owner of Central Bocachica, brought, in the District Court of Ponce, an action against the Treasurer of Puerto Rico for the refund of $1,206.33, which it alleged to have paid under protest, on account of premiums on workmen's compensation insurance, with interest thereon, costs, and attorney's fees. The following is a summary of the essential facts alleged in the complaint:

During the fiscal years 1940-41 and 1941-42, the plaintiff transported all its products through the firm of "García Hermanos, Sucesor," an independent contractor. The latter supplied all the vehicles and engaged for its own account and risk the workmen and employees in charge of the operation of said vehicles, without any intervention whatsoever on the part of the plaintiff. During those two years, the workmen and employees engaged by the contractor were insured by the latter in the State Insurance Fund, and, accordingly, the corresponding policies were issued to it and payment of the premiums assessed by the Manager of the Fund was demanded from it.

In the payrolls submitted to the State Insurance Fund for the years 1940-41 and 1941-42, the plaintiff did not include the salaries paid to the workmen or employees who worked for the independent contractor; nor did it include them in its payrolls for the year 1942-43, because it intended to use also during that year the services of García Hermanos, Sucesor, as an independent contractor.

The Treasurer demanded from the plaintiff payment of the premiums pertaining to the three years above-mentioned, and alleged that the independent contractor had defaulted in the payment of the premiums corresponding to the first two years, and as to the year 1942-43, the Treasurer assumed that the plaintiff would undertake the transportation for its own account and not through a contractor. Upon the refusal of the plaintiff to pay said premiums, the Treasurer notified the former that if it failed to pay them it would be considered as an uninsured employer for the fiscal year 1942-43. Thereupon the plaintiff paid, under protest, to the Collector of Internal Revenue of Ponce the premiums pertaining to the first two years and to the first semester of 1942-43, amounting in all to $1,206.33.

The plaintiff urges that the collection thus made is illegal: (1) Because the contractor had insured its workmen in the State Insurance Fund during the first two years and paid the corresponding premiums; (2) because if it were assumed that the contractor failed to pay said premiums, then the contractor and the plaintiff should be declared uninsured employers for those two years, in which case the Treasury Department would have no right to collect the premiums, inasmuch as the period for which they were sought to be collected has already expired; (3) because the preliminary assessment made by the Treasurer for the year 1942-43, is contrary to law inasmuch as the transportation service for the plaintiff during that year will be effected by an independent contractor, who will insure its workmen in the State Fund; and, further, because the plaintiff has taken an appeal to the Industrial Commission which involves the rates fixed for said year by the Manager of the Fund; and (4) because there is no legal relationship whatsoever between the plaintiff and the workmen of the independent contractor, which is engaged in the business of a public carrier.

The defendant requested and obtained the removal of the cause to the District Court of San Juan and interposed a

demurrer to the complaint, on the grounds that the latter did not state facts sufficient to constitute a cause of action and that the district court lacked jurisdiction to try the case.

On April 28, 1944, the lower court rendered judgment sustaining the demurrer and dismissing the complaint for want of jurisdiction. Thereupon the plaintiff appealed, and it urges that the judgment appealed from is erroneous.

The grounds of the judgment rendered by the lower court are as follows:

1. That the premiums on workmen's compensation insurance are not taxes which may be paid under protest and recovered in an ordinary action pursuant to the provisions of the Act for the Payment of Taxes under Protest, No. 8 of April 19, 1927 (Laws of 1927, p. 122), as amended.

2. That the proper procedure for the plaintiff should have been to withhold payment of the premiums, wait until it should be declared an uninsured employer, and then appeal to the Industrial Commission where it would have an opportunity to show the reasons why it could not be legally compelled to pay said premiums; and, lastly, in the event of an adverse decision by the Commission, to seek a review thereof by the Supreme Court.

In order to be in a position to determine the jurisdictional question involved in this appeal, we must carefully examine our legislation regarding the payment of taxes under protest and also the act which provides for the payment of workmen's accident compensation.

Section 1 of Act No. 8, approved April 19, 1927, "Providing for the payment of taxes under protest," as amended by Act No. 17, approved November 21, 1941 (Spec. Sess. Laws, p. 54), on which the plaintiff relies, prescribes that "Whenever a taxpayer believes that he should not pay any tax or part thereof, *with the exception of property, inheritance, and income taxes,* for the payment of which there is a specific procedure in the corresponding laws," said taxpayer shall be obliged to pay the same upon request of the official

in charge of the collection of taxes; but he may make the payment under protest in the manner provided in the same Section.

Section 3 of the said Act, as amended, authorizes a taxpayer who has made payment under protest, to bring an action against the Treasurer of Puerto Rico in the corresponding district court, for the return of the amount paid under protest. The same Section provides that if the judgment is favorable to the taxpayer, "the Treasurer shall proceed to return to him the amount directed in the judgment, to be charged against any funds available in the public Treasury."

Are the premiums on workmen's compensation insurance, assessed to and collected from an employer in accordance with the provisions of the "Workmen's Accident Compensation Act," approved April 18, 1935, taxes which can be paid under protest and recovered through an ordinary action brought in a district court, pursuant to the provisions of Act No. 8 of April 19, 1927, as amended by Act No. 17 of November 21, 1941? Upon the answer to be given to this question depends the determination of the present appeal.

The lower court held that, in accordance with the workmen's compensation statutes (Act No. 10 of 1918, as amended by Act No. 102 of 1925 and Act No. 85 of May 14, 1928) which were in force prior to the enactment of the present law (Act No. 45 of April 18, 1935, the premiums on workmen's compensation insurance, in so far as the assessment and collection thereof is concerned, partook of the nature of taxes. Accordingly, §§ 11, 12, and 13 of the Workmen's Accident Compensation Act, No. 10 of 1918, as amended by Act No. 102 of 1925, authorized the Treasurer of Puerto Rico to levy, assess, and collect semiannually and in advance from every employer of workmen subject to the Act, the annual premiums determined on the total amount of wages paid to workmen who would have been entitled to the benefits of the Act. Said premiums were to be deposited in the Insular Treasury, in the Trust Fund created by said

Act. It was provided by § 11 that, if the employer failed to pay his assessment within the term granted to him, the Treasurer must levy, without excuse or delay, ''an attach- ment on any property of said employer and shall collect the assessment due as in the case of the collection of property taxes.'' Section 13 provided that ''collection of these pre- miums shall have preference over any other obligation of the employer and such premiums shall constitute a lien on the property of the employer as soon as the same shall be left unpaid upon service of notice to pay.'' Similar provisions are contained in §§ 38, 39, and 40 of Act No. 85, approved May 14, 1928.

The Workmen's Accident Compensation Act (No. 45, ap- proved April 18, 1935) now in force, provides under the chapter entitled ''Assessment and Collection of Premiums,'' § 25, that the Manager of the State Fund is the officer vested with authority ''to assess and levy'' on the employers the annual premiums determined on the total amount of wages paid to their workmen during the year prior to the levying of the premiums; that said premiums shall be collected by the Treasurer of Puerto Rico through the Collectors of In- ternal Revenue; and that after the said premiums have been collected, they shall be deposited in the State Insurance Fund.

The 1935 Act now in force, whereby all prior similar statutes were repealed, contains no provision authorizing the Treasurer of Puerto Rico to collect the premiums on work- men's compensation insurance by means of the summary pro- cedure established by law for the collection of property taxes. Under said Act, a default in the payment of the premiums by an employer covered by the provisions of § 2 of the Act, pro- duces two legal results. Section 25 provides that the pay- ment of the premiums within the time fixed by the Manager ''shall be an indispensable requirement so that the Manager may make any insurance policy effective.'' Section 27 pre- scribes that ''any accident that occurs before payment of

said premium is made shall be considered as a case of an uninsured employer,'' unless the payment is made within the term fixed by the Manager, in which case the insurance shall begin to run from the date of the filing of the payroll. The civil responsibilities which attach to an employer who must be considered as an "uninsured employer" by reason of his failure to pay the premiums, are clearly set forth in § 15 of the Act. Section 17 thereof provides the penalty which may be imposed on an employer who being bound to take such insurance fails to do so.

Another essential difference between the taxes paid under protest and the premiums on workmen's compensation insurance is that the former, after such payment, may be returned by the Treasurer and charged against any funds available in the public Treasury, whereas the latter, once they have been paid, can not be taken out of the fund. The only thing that can be done is to deduct the amount thereof from the premiums to be collected in the future. Sections 24 and 26 of the Act.

The plaintiff-corporation could not be compelled to make payment through distraint proceedings taken by the Treasurer, for there is no law which would authorize that officer to collect premiums on workmen's compensation insurance by resorting to such summary proceedings. Nor did the plaintiff have any reason to believe that if it failed to pay the premiums in question, the Treasurer could declare it an uninsured employer, for the power to make such declaration is vested by law (§ 15) in the Manager of the Fund and not in the Treasurer of Puerto Rico.

The purpose of the lawmaker in passing the Workmen's Compensation Act was to confer on the Industrial Commission exclusive jurisdiction to hear all appeals that might be taken from the decisions rendered by the Manager of the State Insurance Fund. Section 10, which grants the right of appeal to a workman who feels aggrieved by a de-

cision of the Manager, and which was amended by Act No. 43 of April 22, 1942, contains the following provision:

"*Provided,* That in the case of uninsured employers, either the workman or the employer may appeal to the Industrial Commission, once the employer is declared uninsured by the Manager, *the employer having thirty days within which to appeal from the decision of the Manager declaring him uninsured,* and the case may be heard either by the Industrial Commission or by a commissioner, in which latter case the following procedure shall be followed." (Italics ours.)

Section 11, as amended by Act No. 121, approved May 2, 1940, grants to any interested party the right to request from the Supreme Court a review, on questions of law or the weighing of expert testimony, any order or decision of the Industrial Commission.

The adjudicated cases which we have examined hold that the courts have no original jurisdiction to take cognizance of controversies arising from the application or construction of workmen's compensation acts. Where the act, as in the case of our statute, prescribes the procedure to be followed by the workmen, as well as by the employers, for the review of the orders or decisions of the Manager of the Fund and of the decisions rendered by the Industrial Commission, such remedy is exclusive and neither the workmen nor the employers may invoke the original jurisdiction of the ordinary tribunals for the determination of their disputes. Those tribunals may be resorted to only for the purpose of an appeal or review where the statutes so provide. See *State v. Olinger,* 70 P. (2d) 317; *Maddox v. Industrial Insurance Commission,* 119 Wash. 21, 204 P. 1057; *Cole v. Dept. of Labor and Industries,* 137 Wash. 538, 243 P. 7; and *Puliz v. Dept. of Labor and Industries,* 184 Wash. 585, 52 P. (2d) 347. Sections 10 and 11 of the Act, *supra,* prescribe in clear and precise terms the procedure which the plaintiff-corporation could have followed but failed to do so. It could have waited until it had been declared an uninsured employer

and then appealed from that decision to the Industrial Commission, and from the decision of the commission it could have appealed to this court, which is vested with jurisdiction to review the decisions of the commission.

Whether or not the plaintiff-corporation is entitled to demand from the Manager of the State Insurance Fund that the amount assessed by the Treasurer and paid by it under protest should be deducted from the premiums to be collected from it in the future, is a matter which is not before us in the present appeal and which, therefore, we are not bound to decide at this time.

For the reasons stated, we are of the opinion that the lower court did not err in sustaining the demurrer for want of jurisdiction.

The judgment appealed from should be **affirmed.**