[No. 30891.   Department One.   September 6, 1949.]

## J. S. WILES, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 209 P. (2d) 462.

*Walthew & Gershon,* for appellant.

*The Attorney General* and *Theodore M. Ryan, Assistant,* for respondent.

STEINERT, J.—This is an appeal by the plaintiff in the above entitled action from an order of the superior court for Skagit county vacating a judgment entered in that same court and cause upon a verdict previously rendered by the jury in plaintiff's favor.

Appellant, J. S. Wiles, a logger, sustained an industrial injury on or about June 21, 1944. His claim was duly filed with respondent, department of labor and industries of the state of Washington, and was allowed. Pursuant to an order of the supervisor of industrial insurance, dated October 25, 1945, the claim was closed with a permanent partial disability award of $1,094 for injuries to appellant's back and legs.

Appellant, being dissatisfied with the amount thus awarded, filed with the joint board of the department an application for rehearing and reopening of his claim. The application for rehearing having been granted, evidence with relation to the nature and extent of appellant's injuries was received during the course of several hearings before the joint board, the first of these hearings being held on March 13, 1946, and the last on April 8, 1947.

Upon conclusion of the several hearings, the joint board, by its order "Dated May 12, 1947," reversed the order of the supervisor, with instructions to reopen the claim, adjudge appellant permanently and totally disabled, and award him a pension, deducting from appellant's pension reserve, however, the sum of $1,094, which was the amount previously awarded and paid to him under the supervisor's order, and reducing the monthly payments accordingly.

Deeming himself aggrieved by the entry of the joint board's order, appellant, on May 28, 1947, prepared his written notice of appeal to the superior court, his position upon

that appeal being that he was not permanently and *totally* disabled, but only permanently and *partially* so, and that he was entitled to an additional amount of permanent partial disability compensation. This written notice of appeal was received by the department on May 29, 1947, and a similar notice was filed in the superior court on that same date.

Prior to this notice of appeal, however, the joint board had entered a further order with relation to appellant's claim. This further order, "Dated May 26, 1947," sets out the provisions of the May 12th order, and concludes as follows:

"AND WHEREAS it now appears that claimant [appellant] was previously adjudged permanently and totally disabled under claim 202988 by the Department of Labor and Industries,

"Now THEREFORE IT IS HEREBY ORDERED THAT the order dated May 12, 1947 be and the same is hereby withdrawn and held for naught and the matter is continued for further hearings."

The recital contained in the order above quoted concededly has reference to an industrial injury classification alleged to have been made by the department in connection with its disposition of a claim filed by appellant in 1922 or 1923, pursuant to which an award was made to him. Although the order of withdrawal dated May 26, 1947, referred to above, was itself made a part of the departmental record certified to the superior court on appeal to that court, no evidence in support of the recital therein contained was included in that record.

The cause did not come on for trial in the superior court until March 9, 1948. Before a jury was empaneled, respondent moved that the cause be dismissed, on the ground that, in November, 1923, appellant had been adjudged by the department permanently and totally disabled as the result of an injury sustained by him in 1922, thus rendering him ineligible for any further award of compensation. This motion was denied.

A jury was then called, and, after pertinent evidentiary portions of the departmental record had been read to the

fact-finding body, a verdict was rendered, wherein, by its answers to the written interrogatories propounded by the court in connection with its instructions, the jury found that appellant was not permanently and *totally* disabled as the result of his latest injury, and that he was entitled to additional permanent *partial* disability compensation in the amount of $3,500.

Respondent thereupon filed its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, urging as grounds therefor the insufficiency of the evidence to justify the verdict and error of law occurring during the trial. Both motions were denied by the trial court, and judgment was thereupon entered on the verdict on March 22, 1948. No appeal was taken from the judgment by either of the parties hereto.

Thereafter, on April 15, 1948, respondent filed its motion, in the form of a petition and affidavit, entitled in the same cause, to vacate the above judgment, alleging in its petition that the judgment had been obtained by "fraud or error or irregularity" practiced by appellant and his attorneys.

We will not burden this opinion with a detailed analysis of the allegations, denials, and affirmative defenses which apparently formed the issues presented to the trial court upon the hearing of the motion to vacate judgment. In all fairness, however, we deem it appropriate here to state that, in our opinion, there is nothing in the record which would support a contention that either the appellant or his attorneys were guilty of any conduct which amounted to fraud upon either the respondent or the trial court. Furthermore, the matters alleged in the petition as constituting fraud were fully known to respondent throughout the entire proceedings in the superior court, and their general nature was likewise made known to the trial court itself.

However, on December 6, 1948, the trial court granted respondent's motion and entered its order vacating the judgment and dismissing the appeal previously taken by appellant from the joint board's order of May 12, 1947, upon which appeal the judgment had been entered. The trial

court nowhere states its reasons for the entry of the order vacating judgment, although the agreed statement of facts certified to this court upon this appeal recites that the motion to vacate was made upon the statutory ground of fraud. On the other hand, the statement of facts further recites that "no evidence was offered or introduced" in support of the motion to vacate.

Upon the record so constituted, and through the procedure above outlined, the matter is now before us to rule upon the legality and correctness of the final order vacating judgment.

The failure of the trial court to state its reasons for granting the motion to vacate, taken in conjunction with the total absence in the record of any evidence in support of the allegation of fraud, renders it difficult, if not impossible, for this court to affirm the order of the trial court upon the ground alleged by the respondent. Certainly, the stigma of fraud should not be allowed to rest upon a foundation of sheer conjecture; and, where the claim of fraud is made in characterization of a course of conduct by an attorney before a court in which he has been entrusted to appear, we should be loath to affirm an order so entered, in the absence of clear evidence in support of such an allegation.

There is, however, one other salient feature in this case, which was not argued before this court, but which appears with disquieting obtrusiveness upon an examination of the departmental record.

At the time review was sought with respect to the joint board's order of May 12, 1947, by way of an appeal to the superior court, there existed in the departmental record, for all to see, an order of the joint board "Dated May 26, 1947," which expressly withdrew and nullified the May 12th order, and which directed that the matter be continued for further hearings on the question of appellant's eligibility for an award under his instant claim.

■ The right and power of the department, acting through its joint board and upon proper grounds, to retain jurisdiction of a claim, and to order the further investiga-

tion of any fact pertaining to that claim, were discussed and upheld in *Sumerlin v. Department of Labor & Industries,* 8 Wn. (2d) 43, 111 P. (2d) 603, wherein this court stated:

"We are satisfied that the department, under the general powers granted to it, has the right, for reasons which appear to the department to justify such action, to withdraw an order made and entered by it, provided such withdrawal is made before the time for appealing from such order has expired, or to correct any order so entered to actually conform to the record, and this court will not reverse the action of the department in so doing, except for arbitrary and capricious action. See *State ex rel. Hills v. Olinger,* 193 Wash. 365, 75 P. (2d) 926."

In *Baker v. Department of Labor & Industries,* 181 Wash. 85, 42 P. (2d) 13, where we also considered the general administrative powers of the department in connection with certain procedural provisions of the workmen's compensation act of this state, we said:

"It is apparent from the language of these statutes that it was intended that the department and its officers should have a latitude of discretion commensurate with the duties enjoined upon them, to the end that all claims should be fully and fairly considered, and that the rights of claimants and at the same time the rights of those who are interested and concerned in the integrity and proper application and disbursement of the accident fund, may be fully protected. We see no reason why the joint board should not, and ample reason why it should, be permitted to call for further testimony when that body deems it material to the particular issues and matters before it. Granted that it must be a reasonable exercise of discretion, it is nevertheless a discretion that may be exercised to the extent that it is not abused."

■ Although the "discovery" by the department with respect to the 1922 injury, and the 1923 claim, classification, and award therefor, might at best be termed belated, it was not an abuse of discretion to withdraw the order of May 12, 1947, and to continue the matter for further hearings. If, as recited in the order of withdrawal, appellant *had* been adjudged by the department permanently and totally dis-

abled in 1923, and such a classification *had* been lawfully made and not appealed from, there would at least be valid ground for holding that he was precluded from receiving any further award under the workmen's compensation act of this state. See *Harrington v. Department of Labor & Industries,* 9 Wn. (2d) 1, 113 P. (2d) 518.

As pointed out in the *Sumerlin* case, *supra,* the power of the department with respect to orders closing claims is specifically recognized in Rem. Rev. Stat., § 7679 [P.P.C. § 705-1], the pertinent provisions of which were incorporated *verbatim* into Rem. Supp. 1941, § 7679 (h), and later into Rem. Supp. 1947, § 7679 (h), reading as follows:

"*Provided, however,* That if within the time limited for taking an appeal from an order closing a claim, the Department shall order the submission of further evidence or the investigation of any further fact, the time for appeal from such order closing the claim shall be extended until the applicant shall have been advised in writing of the *final* order of the Department in the matter." (Italics ours.)

▪ It is clear from the language used in the above statute that an order which might otherwise be appealable, but which has been withdrawn in conjunction with the exercise by the department of its general and statutory power to order further hearing and investigation, is no longer a "final" order from which an appeal to the superior court may be taken. While the proviso, above quoted, is located in a subsection of the statute which deals specifically with readjustment of claims for aggravation, diminution, or termination of disability, its language is general and, when considered in connection with the general administrative power of the department, discussed above, makes it amply clear that the administrative process is not exhausted upon the entry of a joint board order, when that order is timely and for good cause withdrawn.

▪ Rem. Supp. 1943, § 7697 [P.P.C. § 704-1], which must be read *in pari materia* with the statutory provision above quoted, provides that:

"Within thirty days after the *final* order of the Joint Board upon such application for rehearing has been com-

municated to such applicant, . . . such applicant may appeal to the Superior Court. . . ." (Italics ours.)

In consonance with the rules requiring strict compliance with statutory procedural methods in such cases, the existence of a final order of the joint board is a jurisdictional prerequisite to an appeal to the superior court. *Baker v. Department of Labor & Industries, supra; Smith v. Department of Labor & Industries,* 185 Wash. 443, 55 P. (2d) 603.

It is also well settled that, in causes arising under the workmen's compensation act of this state, the superior court acts as a court of limited statutory jurisdiction, and that consequently the jurisdiction of such court will not be presumed. It must, therefore, affirmatively appear from the record that all essential facts exist to bring a cause within the court's jurisdiction. *Nafus v. Department of Labor & Industries,* 142 Wash. 48, 251 Pac. 877; *Lidke v. Brandt,* 21 Wn. (2d) 137, 150 P. (2d) 399.

In the instant case, the joint board, on May 26, 1947, entered an order withdrawing its previous order of May 12, 1947, and directing that the matter be continued for further hearings. Conceding that the questions upon which further hearings were to be held might, and perhaps should, have been raised earlier in the proceedings, we are nevertheless of the opinion that the proper interpretation of the industrial insurance act requires that such questions be administratively determined, and that such determination may be made at any time before an order becomes for all purposes final and beyond the power of the department to modify or annul.

The order of withdrawal in this instance was entered well within the thirty-day period allowed by statute for an appeal from the order which had thus been withdrawn, and before appellant had perfected an appeal, by appropriate filing and service of his notice thereof, from the withdrawn order. Appellant's notice of appeal from the May 12, 1947, order is dated May 28, 1947, two days *after* the order supposedly appealed from had been withdrawn and held for naught.

The order of the joint board, dated May 12, 1947, having been timely and for reasonable cause withdrawn, could no longer serve as a "final" order constituting the basis for the purely appellate jurisdiction of the superior court.

Far from affirmatively showing the existence of all essential facts upon which the superior court assumed jurisdiction in the cause, the record in this case discloses a jurisdictional defect in the proceedings had before that court, in that there is no final joint board order now existing. A jurisdictional defect cannot, of course, be remedied by the action or inaction of any state officer. *MacVeigh v. Division of Unemployment Compensation,* 19 Wn. (2d) 383, 142 P. (2d) 900; *Lidke v. Brandt, supra.*

Where a judgment has been entered by a court which has not first secured jurisdiction over the cause, such judgment is void and of no effect. *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043; *Gould v. White,* 54 Wash. 394, 103 Pac. 460; *Parr v. Seattle,* 197 Wash. 53, 84 P. (2d) 375.

The responsibility and duty of the court, when such a defect becomes apparent, are well defined in 49 C. J. S. 480, Judgments, § 267:

"Under or apart from statutory provisions, invalidity of the judgment as for want of jurisdiction either of the person or of the subject matter, or of the question determined and to give the particular relief granted, rendering the judgment void, as distinguished from merely voidable or erroneous, is ground for vacating it, . . . In fact it is the duty of the court to annul an invalid judgment."

Since it appears that the superior court was without jurisdiction in the cause appealed to it, in which the judgment here in question was entered, we are constrained, upon review of the order vacating that judgment, to affirm the action of the trial court in entering its order, to the extent that such order recognizes the invalidity of, and annuls, the judgment.

The views herein expressed deprive appellant of no legal right, but rather, upon the further hearings ordered to be held with respect to the existence and legal effect of the 1923 classification and award, will afford him full opportunity to

be heard on the question of his right to a further award under his instant claim.

We note, parenthetically, that, as an affirmative defense to the matters alleged in support of respondent's motion to vacate the judgment, appellant asserted that the final closing of the 1922 or 1923 claim was for permanent *partial* disability only. The determination of that question, relating as it does to matters connected with the administration of the workmen's compensation act, is exclusively within the original jurisdiction of the department of labor and industries, and neither the superior court nor this court has the power to make such a determination in the first instance. When, however, a final order *has* been entered, the statute, Rem. Supp. 1947, § 7679 (h), which we have hereinbefore quoted in support of the department's right to withdraw its orders, will fully safeguard appellant's right of appeal from such final order, the time for taking the appeal to run from the time such order has been actually communicated to appellant. As indicated in the *Baker* and *Sumerlin* cases, *supra,* this court will, if necessary, protect claimants from unreasonable and arbitrary withdrawals of orders by the department.

The views adopted by this court in the instant case reflect, as well, a concern for, and a desire to protect, "the rights of those who are interested and concerned in the integrity and the proper application and disbursement of the accident fund," referred to in *Baker v. Department of Labor & Industries, supra.*

It is regrettable that the final determination of appellant's claim will have been so long delayed by the abortive procedure which has culminated in this appeal and this decision. However, it was as much appellant's duty to assure himself of jurisdictional facts as it was for the department unequivocally to raise the point at the very inception of proceedings before the superior court. Instead of so assuring himself, appellant insisted upon proceeding with the matter before the superior court and refused respondent's request to "stipulate" for a return of the cause to the department.

For the reasons above stated, the order of the trial court vacating its judgment of March 22, 1948, must be affirmed, with direction, however, that the cause be returned to the department of labor and industries, along with the necessary records, for a final determination of appellant's claim. Neither party will recover costs upon this appeal.

JEFFERS, BEALS, MALLERY, and HILL, JJ., concur.

