[No. 29091. Department One. November 5, 1943.]

HELEN W. MACVEIGH, *Appellant,* v. THE DIVISION OF UNEMPLOYMENT COMPENSATION *et al.,* *Respondent.*[1]

*Guy E. Dunning,* for appellant.

*The Attorney General, George W. Wilkins,* and *Frank W. Foley, Assistants,* for respondent.

BEALS, J.—During the month of April, 1941, Helen Mac-Veigh filed with the unemployment compensation division her claim for compensation as an unemployed person, pursuant to Laws of 1937, chapter 162, p. 574, as amended by Laws of 1939, chapter 214, p. 818 (Rem. Rev. Stat. (Sup.), § 9998-103 [P. C. § 6233-303] *et seq.*) Her claim was denied and, within the time limited by law, she attempted to appeal to the superior court from the order of the division denying

[1]Reported in 142 P. (2d) 900.

her claim. The statute prescribing the steps to be taken to perfect such an appeal is found in Rem. Rev. Stat. (Sup.), § 9998-106(i) [P. C. § 6233-306], and reads as follows:

"Within thirty days after final decision has been communicated to any interested party, such interested party may appeal to the superior court of the county of his residence, and such appeal shall be heard as a case in equity but upon such appeal only such issues of law may be raised as were properly included in his application before the appeal tribunal. The proceedings of every such appeal shall be informal and summary, but full opportunity to be heard upon the issues of law shall be had before judgment is pronounced. Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail or personally on the commissioner, and the filing and service of said notice of appeal within thirty days shall be jurisdictional."

By Rem. Rev. Stat. (Sup.), § 9998-106(h), it is provided that the decision of the division shall become final thirty days after "the date of notification or mailing thereof" to the claimant.

It appears that Miss MacVeigh mailed to the division a copy of her notice of appeal, but a transcript of the page of the appearance docket of the clerk of the superior court for King county (to which court Miss MacVeigh sought to prosecute her appeal), bearing the entries referring to Miss MacVeigh's case, fails to show that her notice of appeal was ever filed with the clerk. A transcript of the record made before the division was regularly filed in the office of the clerk of the superior court, and the matter proceeded to trial, the court, October 19, 1942, entering an order affirming the decision of the unemployment compensation division denying Miss MacVeigh any benefits under the act. Her motion for a new trial having been denied December 19, 1942, Miss MacVeigh appealed to this court.

It does not appear that the fact that appellant never filed in the office of the clerk of the superior court for King county her notice of appeal from the final ruling of the unemployment compensation division was ever called to the

attention of the judge who heard the appeal and entered the order above referred to.

After the matter had been transferred to this court by appellant's appeal, respondent moved to dismiss the appeal upon several grounds, later filing a supplemental motion to dismiss the appeal upon the ground that no notice of appeal from the decision of the division denying appellant's application for an award had ever been filed in the office of the clerk of the superior court, and that for this reason the superior court was without jurisdiction to hear the cause.

Respondent's motions to dismiss appellant's appeal were brought on for hearing before this court, the matter having been by the court passed to the merits to be considered when the appeal should be regularly presented. The matter having later come before this court upon the appeal, and submitted after argument, is now before us for determination.

We find no merit in respondent's first motion to dismiss the appeal. Neither is the ground stated in the supplemental motion to dismiss the appeal a proper reason for taking such action. The matter is before this court upon appeal from a formal order of the superior court. Appellant's appeal from that order has been regularly prosecuted, and respondent's motions to dismiss the appeal are denied.

We are, however, confronted by the fact that, from the record before us, it does not appear that appellant ever perfected her appeal from the ruling of the unemployment compensation division to the superior court. The statute governing such appeals is plain, and it appears therefrom that the superior court obtains no jurisdiction to review an order of the division unless the steps prescribed by the statute have been followed.

In the case of *Nafus v. Department of Labor & Industries*, 142 Wash. 48, 251 Pac. 877, it was held that the trial court erred in overruling the department's challenge to the jurisdiction of the superior court, because, in attempting to appeal to that court from a departmental order, the claimant had not followed the procedure outlined by statute.

This court reversed the judgment of the superior court, with directions to dismiss the proceeding. In the course of the opinion, the court said:

"It was incumbent upon the respondent to prove that he had taken an appeal from the department within the time fixed by the statute. In 11 Cyc. 696, it is said:
" 'A court of special, limited, or inferior jurisdiction must by its record show all essential or vital jurisdictional facts of its authority to act in the particular case, and in what respect it has jurisdiction. This rule also applies to jurisdiction over special statutory proceedings exercised in derogation of, or not according to, the course of the common law. So the necessary jurisdictional facts must affirmatively appear by averment and proof to bring the case within the jurisdiction of such court.' "

The right to unemployment compensation is founded upon the statute, not upon the common law. In determining questions involving unemployment compensation, the courts exercise appellate jurisdiction as provided by the statute, and in accordance with the procedure outlined therein. The situation is analogous to that presented by the industrial insurance laws. In the case of *Maddox v. Industrial Ins. Commission,* 119 Wash. 21, 204 Pac. 1057, this court said: "The jurisdiction of the superior court over such controversies is appellate only, and not original." The cases of *Tennyson v. Department of Labor & Industries,* 189 Wash. 616, 66 P. (2d) 314, and *Ivey v. Department of Labor & Industries,* 4 Wn. (2d) 162, 102 P. (2d) 683, are to the same effect.

In the case of *Puliz v. Department of Labor & Industries,* 184 Wash. 585, 52 P. (2d) 347, we said:

"It has been repeatedly held that the courts have no original jurisdiction in the administration of the workmen's compensation act, and that matters connected with the administration thereof must first be heard and determined by the department of labor and industries."

The right to proceed under such a statute as that relied upon by appellant is a statutory, and not a common-law, right. *Mattson v. Department of Labor & Industries,* 176 Wash. 345, 29 P. (2d) 675.

In the case of *LeBire v. Department of Labor & Industries,* 14 Wn. (2d) 407, 128 P. (2d) 308, we again called attention to the fact that in hearing an appeal from that department the court "acts only in an appellate capacity and does not exercise original jurisdiction in such controversies."

Concerning the particular problem here presented, the case of *Smith v. Department of Labor & Industries,* 1 Wn. (2d) 305, 95 P. (2d) 1031, is in point. In that case, it appeared that the appellant, Smith, had presented to the department a claim for compensation, and had received an allowance. From an order of the supervisor denying any further award, Smith appealed to the joint board, which entered an order granting a hearing "subject to proof that the statute of limitations had not operated against the appeal." After a hearing, the board affirmed the order of the supervisor, whereupon Smith appealed to the superior court from the order of the joint board. In the superior court, the action was tried upon the merits, resulting in a judgment sustaining the department, from which Smith appealed to this court.

The record brought to this court disclosed that appellant had not prosecuted his appeal from the order of the supervisor to the joint board in accordance with the statute, which required that such an appeal be taken within sixty days after the date of the order of the supervisor, it appearing from the record that appellant's notice of appeal to the joint board was taken after the expiration of that period. In the course of the opinion, we said:

"The burden was upon appellant to challenge the existence of the apparent imperfection revealed by the record. Having failed to make any showing relative to compliance with the provision of the statute above quoted, we must conclude that the files of the department divulge the circumstances actually attendant upon the appeal to the joint board.

"The giving of notice of appeal within the time prescribed by statute is jurisdictional. Failure to comply with that jurisdictional requirement prohibits the joint board from considering the merits of a claimant's appeal."

After citing the case of *Nafus v. Department of Labor & Industries, supra,* this court said:

"All of the steps mentioned in the statute (Rem. Rev. Stat., § 7697) must be followed in order to confer jurisdiction, first upon the joint board, and then upon the superior court. Failure to comply with the requirements of the statute divests the appellate tribunals of jurisdiction to entertain the hearings."

After citing other of our decisions, this court, without considering the merits, held that, because of the claimant's failure to appeal seasonably from the ruling of the supervisor, that order had become finally, and was not subject to review either by the joint board or the superior court.

While in the case last cited the action was determined by the superior court on the merits, it might be concluded that the attention of that court was called to the fact that its jurisdiction to entertain the appeal was doubtful. In the case at bar, it nowhere appears that that matter was even suggested during the proceedings before the superior court. We must, however, take notice of the fact that the superior court, by reason of appellant's failure to file in that court her notice of appeal from the order of the commissioner, lacked jurisdiction to hear or determine the purported appeal. The appearance of the attorney general representing the division could not in such a case confer upon the superior court jurisdiction to proceed. Appellant's attention has been called to this matter by respondent's motion, above referred to.

The statute pursuant to which appellant sought benefits (Laws 1937, chapter 162, p. 574, § 2) was enacted under the police power of the state. In operating under the act, the state acts in its sovereign capacity.

In the early case of *Sawtelle v. Weymouth,* 14 Wash. 21, 43 Pac. 1101, this court refused to consider an appeal by certain parties, saying:

"For want of jurisdiction we must decline to review the findings and conclusions upon the attempted appeal of the Weymouths. We hold that the notice of appeal prescribed

by the statute is essential to confer jurisdiction upon this court, and it is not competent for the parties to waive it."

In the case of *Franklin v. Knox,* 157 Wash. 349, 288 Pac. 924, this court dismissed an appeal, saying:

"The judgment from which the attempt is made to appeal was entered on September 16, 1929. A notice of appeal in due form was prepared and signed under date of September 24, 1929, and on the same day it was filed in the office of the clerk of the superior court. No proof of service thereof was ever filed, and the record clearly establishes that no service of the notice was ever made or attempted to be made.

"A notice of appeal which was never served, even though filed in time, was of course an absolute nullity, and, in the absence of any notice of appeal, served and filed within the time fixed by the rules, no jurisdiction was conferred upon this court."

In the case of *Finn v. United States,* 123 U. S. 227, 31 L. Ed. 128, 8 S. Ct. 82, it was held that, while an individual might waive the statute of limitations, either expressly or by failing to plead the statute,

". . . the government has not expressly or by implication conferred authority upon any of its officers to waive the limitation imposed by statute upon suits against the United States in the court of claims."

In the case of *Stanley v. Schwalby,* 162 U. S. 255, 40 L. Ed. 960, 16 S. Ct. 754, the court said:

"Neither the Secretary of War nor the Attorney General, nor any subordinate of either, has been authorized to waive the exemption of the United States from judicial process, or to submit the United States, or their property, to the jurisdiction of the court in a suit brought against their officers."

The United States district court for the western district of Washington, in the case of *Title Guaranty & Surety Co. v. Guernsey,* 205 Fed. 94, held that, in an action against the state of Washington and others, the court had no jurisdiction over the state, notwithstanding the fact that the attorney general, on behalf of the state, had filed an answer and cross-bill in the nature of a bill of interpleader, ad-

mitting indebtedness in a certain amount, and offering to deposit in the registry of the court the sum admitted to be due. The district court, in a *per curiam* opinion, said:

"It would have, perhaps, been more seemly had the Attorney General challenged the jurisdiction of the court at the threshhold; but the immunity of the state from suit can only be waived by the Legislature, and it is in no manner bound or estopped by the acts of its officers."

In support of its conclusion, the court cited the case of *Stanley v. Schwalby, supra.*

In the case of *Nagel v. Department of Labor & Industries,* 189 Wash. 631, 66 P. (2d) 318, we had occasion to refer to the general rule that "no officer or agency of the state has the right to waive the defense of the statute of limitations," citing *Finn v. United States, supra.*

The record failing to show that appellant ever perfected her appeal from the order of the unemployment compensation division to the superior court, thereby vesting that court with jurisdiction to review the order entered by the division adverse to her, and the superior court never having acquired jurisdiction to hear and determine appellant's attempted appeal on the merits, the judgment appealed from is reversed, and the cause remanded, with instructions to dismiss Miss MacVeigh's appeal.

SIMPSON, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.