[No. 29342. Department Two. July 6, 1944.]

DORA E. LIDKE, *Appellant,* v. JULIUS C. BRANDT *et al.,* *Respondents.*[1]

[1]Reported in 150 P. (2d) 399.

138

*Thomas Corkery* and *H. Earl Davis*, for appellant.

*The Attorney General, Edward J. Reilly, R. W. Nuzum,* and *L. E. O'Neill, Assistants,* for respondent Department of Labor and Industries.

BLAKE, J.—Claimant attempted to appeal to the superior court of Spokane county from an order of the joint board of the department of labor and industries sustaining the action of the supervisor of industrial insurance in denying her claim for pension. She served notice of appeal on Ralph E. Carlson, who was assistant supervisor in charge of the department's Spokane office. The notice was filed with the clerk of the superior court, and the cause was set down for trial. Thereafter, counsel for claimant and an assistant attorney general entered into a stipulation vacating the setting and agreeing that the "cause may be re-set for trial during the next succeeding jury term . . . without any further notice."

Before trial the department interposed a motion to dismiss the appeal on the ground that the service of the notice of appeal was abortive and insufficient to invoke the jurisdiction of the superior court. The motion was granted; and, from an order of dismissal, claimant appeals to this court.

By the express terms of the industrial insurance act, "all jurisdiction of the courts of the state . . . are . . . abolished, except as in [the] act provided." Rem. Rev. Stat., § 7673 [P. C. § 3468]. Jurisdiction of the superior court is limited to review of the departmental proceedings upon appeal from orders of the joint board. Rem. Rev. Stat., § 7697 [P. C. § 3488]. In order to confer jurisdiction, however, "Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, *or personally,* on the director of labor and industries." § 7697. (Italics ours.)

█ It is apparent that the notice served by the claimant on the assistant supervisor at Spokane does not meet the requirements of this provision. By implication, at least, counsel for claimant concede this, for they argue that an officer may delegate ministerial duties to deputies and that the acceptance of notice of appeal is merely a ministerial act. As a general proposition the contention is sound, but to apply it to the provision under consideration would effectually read the word "personally" out of the statute. That word can refer to no one but the director himself.

The statute is too plain and the legislative intent too clear to admit of construction. To perfect an appeal to the superior court from an order of the joint board, notice must be served on the director personally or by mail. In *MacVeigh v. Division of Unemployment Compensation,* 19 Wn. (2d) 383, 142 P. (2d) 900, we said, p. 385:

"The statute governing such appeals is plain, and it appears therefrom that the *superior court obtains no jurisdiction to review an order of the division unless the steps prescribed by the statute have been followed.*" (Italics ours.)

██ Appellant urges that the stipulation for setting the cause for trial was a general appearance. That might be if the superior court had general jurisdiction in such cases. But, with respect to causes arising under the industrial insurance act, it is a court of limited, statutory jurisdiction. A court of limited or statutory jurisdiction must show affirmatively, by its record, all essential jurisdictional facts to bring a cause within its jurisdiction. *Nafus v. Department of Labor & Industries,* 142 Wash. 48, 251 Pac. 877. See *Sawtelle v. Weymouth,* 14 Wash. 21, 43 Pac. 1101; *Hibbard & Co. v. Morton,* 184 Wash. 569, 52 P. (2d) 313. Furthermore, state officers have no authority to waive limitations imposed by statute. *MacVeigh v. Division of Unemployment Compensation, supra.*

Order of dismissal affirmed.

SIMPSON, C. J., MILLARD, ROBINSON, and MALLERY, JJ., concur.