[No. 34175. Department Two. October 10, 1957.]

THE STATE OF WASHINGTON, *on the Relation of L. H. Bates, Appellant*, v. THE BOARD OF INDUSTRIAL INSURANCE APPEALS *et al., Respondents.*[1]

[1] Reported in 316 P. (2d) 467.

*The Attorney General* and *Bernard A. Johnson, Assistant,* for appellant.

*Leo H. Fredrickson,* for respondent Gaffney.

*Barbara E. Reardon, amicus curiae.*

DONWORTH, J.—Respondent Gaffney (herein called the respondent), while employed as a stock clerk by a department store in Spokane, was injured when he slipped on the cement floor in its warehouse and a carton containing a power lawn mower weighing about one hundred pounds fell in his lap. The warehouse (which was about a mile from the department store) was used for the storage of merchandise received from suppliers until it could be taken to the department store and placed on sale to retail customers.

Respondent filed a claim for compensation with the department of labor and industries. Appellant (director of industrial insurance) rejected the claim on the ground that respondent was not engaged in extrahazardous employment. Respondent appealed to the board of industrial insurance appeals (herein called the board), which reversed the director's order and remanded the claim to the department with instructions to allow the claim. A copy of the board's decision and order was mailed to respondent August 2, 1955.

On September 2, 1955, appellant filed in the superior court for Spokane county an application for a writ of certiorari directed to the board to obtain a review of its decision and order. This application was supported by an affidavit of an assistant attorney general, reading, in part:

"The Board of Industrial Insurance Appeals has exceeded its jurisdiction in rendering its decision and order holding a retail department store to be within the provisions of the Workmen's Compensation Act, RCW 51.12.010, which includes as an extrahazardous occupations 'general warehouse and storage; . . . . warehousing and transfer; . . . .

"That the legislature had never intended to include warehouses of retail department stores when it enumerated in Class 21 of RCW 51.20.180, the types of warehouses which

were within the purview of the Workmen's Compensation Act; that your relator has no right of appeal therefrom, or any other plain, speedy, or adequate remedy at law."

An alternative writ was immediately issued, and the record of the proceedings before the board was filed in the superior court September 12, 1955.

The cause came on for hearing on October 3, 1955. After examining the board record and the application for certiorari and the affidavit in support thereof, the court requested counsel to submit briefs. A further hearing was held on June 25, 1956. Thereafter, on September 11, 1956, the trial court rendered its memorandum opinion, the first portion of which is as follows:

"This is a case of considerable legal consequence and presents several legal facets which should be determined by the Supreme Court.

"This matter is before the Superior Court by virtue of a writ of certiorari which was granted to give the Department of Labor & Industries a court review of a decision by the Appeals Board. The only authority which the Court had for granting the writ was the closing paragraph of the decision in Labor & Industries v. Cook (44 Wn. (2d) 671), in which the highest Court stated:

" 'Respondent appears to concede that the department may obtain a court review of the board's action under a writ of certiorari. We express no opinion as to this.'

"In the main phase of the Cook case the Supreme Court reviewed the three sections of the Workmen's Compensation Act relating to *appeals* by the Department. The high court uniformly held that the Department was not 'such' a person who is given a right of appeal from a decision of the Appeals Board of the Department of Labor & Industries. The Industrial Insurance Act being a creature of statute, the question arises whether this Court did not exercise judicial legislation by holding that the Department of Labor & Industries could ride in through the back door on a writ of certiorari and thereby obtain a court review when such right of review is denied by way of appeal. This Court is of the belief that there is a strong likelihood that it exceeded its authority in granting the writ of certiorari and should therefore reverse its own decision.

"In order to enable the Supreme Court to determine all phases of this action, this Court will give its decision as to

whether the claimant in the action came within the compulsory provisions of the Industrial Insurance Act."

In the remaining portion of its decision, the court passed on the merits and held that the decision and order of the board was correct.

On November 9, 1956, findings, conclusion, and an order and judgment were entered in accordance with the memorandum opinion. From this judgment affirming the order and decision of the board (dated July 28, 1955), the director of industrial insurance has appealed to this court.

The first matter to be considered is respondent's contention that the superior court never had jurisdiction to hear this case because the application for certiorari was not timely made. The validity of this ground of lack of jurisdiction need not be passed upon, because we have reached the conclusion that, under the workmen's compensation act, the superior court had no jurisdiction to review the board's order regardless of when application for certiorari was made.

In respect to orders of the board, the superior court is not a court of general jurisdiction, but one of limited jurisdiction. The legislature, in adopting the workmen's compensation act in 1911, withdrew all phases of the premises from private controversy (thereby doing away with all actions by employees against employers for personal injuries sustained in the course of extrahazardous employment), and also abolished "all jurisdiction [of the courts] over such causes," *except as provided in the act*. RCW 51.04.010. *Stertz v. Industrial Ins. Comm.*, 91 Wash. 588, 158 Pac. 256 (1916). The purpose and effect of the workmen's compensation act is discussed at length in *Ross v. Erickson Const. Co.*, 89 Wash. 634, 155 Pac. 153 (1916).

The only jurisdiction of the superior court since 1911 over such matters (all phases of master and servant liability for personal injuries) is limited to appeals from the orders of the joint board and, since 1949, from the orders of the board of industrial insurance appeals, when such appeals have been taken in strict accordance with the applicable

provisions of the workmen's compensation act. RCW 51-.52.110 and .115.

In *Lidke v. Brandt*, 21 Wn. (2d) 137, 150 P. (2d) 399 (1944), an attempt was made to appeal to the superior court from an order of the joint board, but service of the notice of appeal was made on the wrong officer. In affirming the trial court's order of dismissal, we said:

"The statute is too plain and the legislative intent too clear to admit of construction. To perfect an appeal to the superior court from an order of the joint board, notice must be served on the director personally or by mail. In *MacVeigh v. Division of Unemployment Compensation*, 19 Wn. (2d) 383, 142 P. (2d) 900, we said, p. 385:

" 'The statute governing such appeals is plain, and it appears therefrom that the *superior court obtains no jurisdiction to review an order of the division unless the steps prescribed by the statute have been followed.'*

"Appellant urges that the stipulation for setting the cause for trial was a general appearance. That might be if the superior court had general jurisdiction in such cases. But, with respect to causes arising under the industrial insurance act, it is a court of limited, statutory jurisdiction. A court of limited or statutory jurisdiction must show affirmatively, by its record, all essential jurisdictional facts to bring a cause within its jurisdiction. *Nafus v. Department of Labor & Industries*, 142 Wash. 48, 251 Pac. 877."

This court cited the *Lidke* case in support of the following statement in *Wiles v. Department of Labor & Industries*, 34 Wn. (2d) 714, 209 P. (2d) 462 (1949), where it was said:

"In consonance with the rules requiring strict compliance with statutory procedural methods in such cases, the existence of a final order of the joint board is a jurisdictional prerequisite to an appeal to the superior court. *Baker v. Department of Labor & Industries, supra; Smith v. Department of Labor & Industries*, 185 Wash. 443, 55 P. (2d) 603.

"It is also well settled that, in causes arising under the workmen's compensation act of this state, the superior court acts as a court of limited statutory jurisdiction, and that consequently the jurisdiction of such court will not be presumed. It must, therefore, affirmatively appear from the record that all essential facts exist to bring a cause within the court's jurisdiction. *Nafus v. Department of Labor &*

*Industries,* 142 Wash. 48, 251 Pac. 877; *Lidke v. Brandt,* 21 Wn. (2d) 137, 150 P. (2d) 399."

In *Department of Labor & Industries v. Cook,* 44 Wn. (2d) 671; 269 P. (2d) 962 (1954), this court, in a unanimous *En Banc* decision, held that, under RCW 51.52.110, the department has no right of appeal to the superior court from the decision of the board of industrial insurance appeals. The department argued that it was inconsistent for the legislature to specifically give the department the right to appeal to this court from the superior court in regard to claims of injured workmen without giving the department the right to appeal to the superior court from the decisions of the board in such matters. In disposing of this argument, we said:

"But, whether the seeming lack of logic in this situation is the product of inadvertence or intention, the fact remains that the act lacks such a provision. The court cannot read into a statute anything which it may conceive that the legislature has unintentionally left out. *Seattle Ass'n of Credit Men v. General Motors Acceptance Corp.,* 188 Wash. 635, 63 P. (2d) 359; *Maryland Cas. Co. v. Tacoma,* 199 Wash. 384, 92 P. (2d) 203.

"It is entirely possible that the omission of any provision giving the department a right to appeal to the superior court was intentional on the part of the legislature, and the presumption, of course, is that it was intentional. Certain it is that when the board of industrial insurance appeals was first created in 1949, the department was at that time given no right of appeal. Section 6, chapter 219, Laws of 1949, which was codified as RCW 51.52.110, provided that 'such applicant' may appeal to the superior court. In the context in which used, 'such applicant' excluded the department. RCW 51.52.110 was then amended in 1951 (Laws of 1951, chap. 225, § 14) to change, among other things, the words 'such applicant' to 'such workman, beneficiary, employer or other person aggrieved by the decision and order.'

"Hence, it was not until the 1951 amendment that the language of RCW 51.52.110 on which appellant relies found its way into the act. The independent board of industrial insurance appeals had then been in existence for two years. This demonstrates that, while creation of the new board made it possible to give the department a right of appeal, the legislature did not originally regard this as a

compelling necessity. The considerations reviewed above tend to indicate that the legislature has not yet recognized such a necessity. If and when it does, it will be a simple matter for the legislature to so indicate in the act."

(We note that the legislature did give the department the right of appeal as to certain matters in § 61, chapter 70, Laws of 1957 p. 301. This amendment of RCW 51.52.110 does not apply to the present case.)

In the case last cited, we expressly reserved for future determination the question presented in the present case, to wit: May the department (or the director), having no right of appeal to the superior court, obtain a writ of certiorari from that court to have it review a decision of the board?

We think that this question must be answered in the negative. Since the superior court, in relation to matters arising under the workmen's compensation act, is a court of limited jurisdiction, the provisions of RCW 7.16.040, relating to the granting of writs of certiorari, or review, have no application to our present problem. This statute, which applies to courts of general jurisdiction, was enacted sixteen years before the workmen's compensation act was passed, and reads as follows:

"A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

Since the legislature saw fit (prior to 1957) to withhold from the department any right to appeal from the decisions of the board, it follows that, in the absence of some legislative expression indicating a contrary intention, the superior court had no jurisdiction to entertain and grant an application for certiorari which would, in effect, permit the department to do precisely what the legislature has said it may not do, to wit, obtain a review of the board's decision by the superior court. The superior court's authority to grant cer-

tiorari in such a case as this is not presumed, but must be specifically reserved to it in the workmen's compensation act, which abolished "all jurisdiction of the courts of the state over such causes," *except as therein provided.* There being no such reservation of certiorari jurisdiction in the act, the superior court had none in this case.

The trial court, in its memorandum decision, recognized that there was "a strong likelihood" that it had exceeded its authority in granting the writ but passed upon the merits of this case in order to enable this court to determine all phases of the case.

We therefore do not reach the merits of the controversy— that is, whether the operation of a retail store is an extra-hazardous industry within the purview of the industrial insurance act—and express no opinion upon that question.

In view of the applicable statutory provisions above referred to which establish that the superior court has no general jurisdiction in the premises, we must reverse its judgment with directions to dismiss the certiorari proceedings for lack of jurisdiction.

It is so ordered.

HILL, C. J., WEAVER, and ROSELLINI, JJ., concur.