[No. 4858–1.   Division One.   February 26, 1979.]

JOHN EDWIN SMITH, ET AL, *Appellants,* v. THE DEPART–
MENT OF LABOR AND INDUSTRIES,
*Respondent.*

*W. D. Palmer, Sr.,* for appellants.

*Slade Gorton, Attorney General,* and *William T. Schar-nikow, Assistant,* for respondent.

JAMES, J.—On June 30, 1975, the Board of Industrial Insurance Appeals entered a written decision affirming a prior order of the supervisor of the Department of Labor and Industries, which denied the claim of Charlyn A. Smith, widow of John Edwin Smith. A notice of appeal from this decision was filed in the Superior Court on July 28, 1975. A copy of the notice of appeal was delivered to the Attorney General of the State of Washington and to the attorney for the employer on July 29, 1975. Thereafter, the Attorney General's Office filed a notice of appearance on behalf of the Department of Labor and Industries on August 4, 1975. Almost 9 months later, on April 28, 1976, the Smiths' attorney placed in the United States mail, postage prepaid, a copy of the notice of appeal addressed to the director of the Department of Labor and Industries and one copy addressed to the Board of Industrial Insurance Appeals. On April 29, 1976, the Department of Labor and Industries filed a motion to dismiss on the ground that the Superior Court was without jurisdiction because Smith had failed to serve the director of the Department of Labor and Industries and the Industrial Insurance Appeals Board within 30 days of the decision. The trial court agreed with the department and granted the motion to dismiss.

■ The single issue presented is whether under RCW 51.52.110 failure to both file a notice of appeal in the superior court and serve notice on the Department of Labor and Industries and the Board of Industrial Insurance Appeals within 30 days is jurisdictional. RCW 51.52.110 provided in part:

*Within thirty days* after a decision of the board to deny the petition or petitions for review upon such appeal has been communicated to such workman, beneficiary, employer or other person, or within thirty days after the final decision and order of the board upon such

appeal has been communicated to such workman, benefi-
ciary, employer or other person, or within thirty days
after the appeal is deemed denied as herein provided,
such workman, beneficiary, employer or other person
aggrieved by the decision and order of the board may
appeal to the superior court.
. . . *Such appeal shall be perfected* by filing with the
clerk of the court a notice of appeal *and by serving* a
copy thereof by mail, *or personally,* on the *director and
on the board.*

(Italics ours.) Interpreting this language, it is stated in
*Lidke v. Brandt,* 21 Wn.2d 137, 139, 150 P.2d 399 (1944)
that:

The statute is too plain and the legislative intent too
clear to admit of construction. To perfect an appeal to
the superior court from an order of the joint board,
notice must be served on the director personally or by
mail. In *MacVeigh v. Division of Unemployment Com-
pensation,* 19 Wn. (2d) 383, 142 P. (2d) 900, we said, p.
385:
"The statute governing such appeals is plain, and it
appears therefrom that the *superior court obtains no
jurisdiction to review an order of the division unless the
steps prescribed by the statute have been followed."*
(Italics ours.)

*Accord, Fletcher v. Department of Labor & Indus.,* 20 Wn.
App. 865, 582 P.2d 578 (1978).

Smith argues, however, that the department had actual
notice within 30 days of the decision and should be
estopped from urging strict construction of RCW 51.52.110.
We disagree. The State has no authority to waive limita-
tions imposed by statute. *MacVeigh v. Division of Unem-
ployment Comp.,* 19 Wn.2d 383, 142 P.2d 900 (1943); *Lidke
v. Brandt, supra.* The record failed to affirmatively show
the jurisdictional facts necessary to bring the matter within
the jurisdiction of the Superior Court, and dismissal of the
action was proper.

Affirmed.

SWANSON, A.C.J., and ANDERSEN, J., concur.

Reconsideration denied March 29, 1979.

Review denied by Supreme Court June 15, 1979.