[No. 3034–3.   Division Three.   November 6, 1979.]

CLIFFORD RYBARCZYK, *Appellant,* v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Respondent.*

*Charles T. Morbeck,* for appellant.

*Slade Gorton, Attorney General,* and *Kirk I. Mortensen,
Assistant,* for respondent.

ROE, J.—Plaintiff, seeking widow's benefits, filed a claim
with the Department of Labor and Industries alleging her
husband died as a result of inhaling aqua ammonia fumes
while unloading a tank–truck. The Department denied her

claim. The Board of Industrial Insurance Appeals on conflicting testimony determined that Mr. Rybarczyk died as a result of natural changes within the heart not due to an industrial injury or an occupational disease. Mrs. Rybarczyk served her notice of appeal to the Superior Court on, *inter alia,* the Attorney General representing the department, "Phillip T. Boark [*sic*], Board Chairman, Dept. of Labor & Industries," and "Robert C. Weatherheart [*sic*], Dir., Board of Ind. Ins. Appeals." At the time of service, Mr. Bork was not the director of the Department of Labor and Industries, but rather was the chairman of the Board of Industrial Insurance Appeals. Robert Weatherholt was retired and was not even a member of the board.

The department moved to dismiss the appeal on the ground the petitioner had failed to serve personally the director as required by RCW 51.52.110, which provides:

Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on *the director* and on the board.

(Italics ours.) The trial court found that there had been substantial compliance with the statute and denied a motion to dismiss for lack of jurisdiction. Again at trial, the department unsuccessfully raised the jurisdiction issue. A jury rendered a verdict in favor of the department, judgment was entered. Mrs. Rybarczyk appeals from that verdict, assigning as error certain of the trial court's instructions to the jury. We do not reach such issue on her appeal.

The department argues that the trial court did not have jurisdiction in the first instance because of improper service. Although RCW 51.12.010[1] requires a liberal interpretation of the act, yet jurisdiction in superior courts to hear appeals from the Board of Industrial Insurance Appeals is strictly regulated by statute. The industrial

---

[1]RCW 51.12.010:

"Employments included—Declaration of policy. There is a hazard in all employment and it is the purpose of this title to embrace all employments which are within the legislative jurisdiction of the state.

insurance act provides, "[A]ll jurisdiction of the courts of the state . . . are hereby abolished, except as in this title provided." RCW 51.04.010. *Lidke v. Brandt,* 21 Wn.2d 137, 150 P.2d 399 (1944). The Supreme Court has said:

> The only jurisdiction of the superior court since 1911 over such matters . . . is limited to appeals from the orders of the joint board . . . when such appeals have been taken in strict accordance with the applicable provisions of the workmen's compensation act. RCW 51.52-.110 and .115.

*State ex rel. Bates v. Board of Indus. Ins. Appeals,* 51 Wn.2d 125, 128–29, 316 P.2d 467 (1957). *See Fletcher v. Department of Labor & Indus.,* 20 Wn. App. 865, 582 P.2d 578 (1978). Jurisdiction of a superior court is limited to review of departmental proceedings on appeal from orders of the Board of Industrial Insurance Appeals. RCW 51.52-.110, .115. In order to confer jurisdiction on the superior court, the statute must be complied with.

In this state, in cases arising under the workmen's compensation act, the superior court acts as a court of limited, statutory jurisdiction, and consequently such jurisdiction may never be presumed. The record must affirmatively show that all essential facts exist to invoke the court's jurisdiction. *Wiles v. Department of Labor & Indus.,* 34 Wn.2d 714, 209 P.2d 462 (1949); *Lidke v. Brandt, supra; MacVeigh v. Division of Unemployment Compensation,* 19 Wn.2d 383, 142 P.2d 900 (1943); *Nafus v. Department of Labor & Indus.,* 142 Wash. 48, 251 P. 877 (1927). In *Smith v. Department of Labor & Indus.,* 23 Wn. App. 516, 596 P.2d 296, *review denied,* 92 Wn.2d 1013 (1979), the Court of Appeals, Division One, faced a fact situation analogous to the one at bar. In *Smith* the claimant was appealing a board decision to the Superior Court. She served the Attorney General, who was to defend the case, but did not serve the director or the board. The Attorney General

---

"This title shall be liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment."

entered an appearance and later moved to dismiss on the ground the Superior Court lacked jurisdiction. The trial court dismissed the action. The Court of Appeals agreed with the trial court, and used a strict construction of RCW 51.52.110 to hold that actual service on the director within the time limits imposed by the statute is required for the superior court to acquire jurisdiction over the cause. The court held that strict compliance with the service requirements of the statute is jurisdictional.

Here, the record shows that the proper people were not served. Instead, a Mr. Weatherholt and a Mr. Bork were served, neither of whom was the director of the Department of Labor and Industries. It is apparent that the service does not meet the requirements of RCW 51.52.110. The appellant must assure himself of all jurisdictional facts. *Wiles v. Department of Labor & Indus., supra; Smith v. Department of Labor & Indus.,* 1 Wn.2d 305, 95 P.2d 1031 (1939).

The fact that the Attorney General was served and appeared on behalf of the Department of Labor and Industries is not sufficient to confer jurisdiction on the appellate tribunal. The Attorney General's appearance does not waive the requirements of RCW 51.52.110. In *MacVeigh v. Division of Unemployment Compensation, supra,* the claimant failed to file her notice of appeal properly with the Superior Court. The matter of lack of jurisdiction was never raised during the proceedings before the Superior Court. The court found for the Division of Unemployment Compensation and MacVeigh appealed. The Supreme Court said:

> [T]he superior court, by reason of appellant's failure to file in that court her notice of appeal from the order of the commissioner, lacked jurisdiction to hear or determine the purported appeal. The appearance of the attorney general representing the division could not in such a case confer upon the superior court jurisdiction to proceed.

*MacVeigh v. Division of Unemployment Compensation, supra* at 388. *See Lidke v. Brandt, supra; Smith v.*

*Department of Labor & Indus.,* 23 Wn. App. 516, 596 P.2d 296 (1979).

In *Lidke v. Brandt, supra,* the Supreme Court reiterated the requirement of strict compliance with the statute. The facts of that case are analogous to the facts here. In *Lidke,* the claimant served the assistant supervisor, not the director, of the Department of Labor and Industries. The Assistant Attorney General and claimant's counsel stipulated for setting the cause for trial, and before trial the department moved to dismiss for lack of jurisdiction, and the trial court granted the motion. The Supreme Court affirmed and said that the word "personally" in RCW 51.52.110 "can refer to no one but the director himself." *Lidke v. Brandt, supra* at 139. The court further held that state officers had no authority to waive limitations imposed by statute. *Lidke v. Brandt, supra.* The record in this case fails to show affirmatively the jurisdictional facts necessary to bring the matter within the jurisdiction of the Superior Court.[2] Service was not made on the director of the Department of Labor and Industries as required by statute. Strict compliance with all elements of the statute is necessary for the superior court to obtain jurisdiction. Where judgment has been entered by a court which has not first secured jurisdiction over the action, the judgment is void. *Parr v. Seattle,* 197 Wash. 53, 84 P.2d 375 (1938); *Gould v. White,* 54 Wash. 394, 103 P. 460 (1909); *Thompson v. Robbins,* 32 Wash. 149, 72 P. 1043 (1903). It is the duty of the court to annul an invalid judgment. *Wiles v. Department of Labor & Indus., supra.*

---

[2]Claimant did serve the director of the Department of Labor and Industries, but not until February 1977, almost 1 year after entry of the final order by the Board of Industrial Insurance Appeals. Although this might solve the problem of serving the director "by mail, or personally" as required by RCW 51.52.110, it creates another jurisdictional problem. The same statute provides "within thirty days after the final decision and order of the board upon such appeal has been communicated to such worker, beneficiary, employer or other person, . . . may appeal to the superior court." The recent case of *Smith v. Department of Labor & Indus.,* 23 Wn. App. 516, 596 P.2d 296 (1979), makes it clear that the 30-day rule must be complied with for the superior court to have jurisdiction.

Reversed with directions to dismiss the appeal.

GREEN, C.J., and MUNSON, J., concur.

Reconsideration denied November 28, 1979.

Review denied by Supreme Court February 15, 1980.