[No. 3564–II.   Division Two.   January 18, 1980.]

*In the Matter of* JOSEPH S. SALTIS.

---

[2]Questioned on other grounds in *Kelso v. Tacoma,* 63 Wn.2d 913, 916, 390 P.2d 2 (1964).

*Richard L. Norman, Chris A. Sternagel,* and *Springer, Norman & Workman,* for appellant.

*Wayne D. Purcell* and *Studley, Purcell, Spencer & Guinn,* for respondent.

PEARSON, J.—Claimant Joseph Saltis appeals from the Superior Court's denial of his motion to dismiss for lack of jurisdiction, on the basis that his employer failed to serve its notice of appeal to the trial court in strict compliance with RCW 51.52.110. We affirm.

On May 6, 1975, the Department of Labor and Industries received an accident report from Joseph Saltis, alleging the onset of an occupational disease, hearing loss, while employed by Longview Fibre Company. On October 16, 1975, the Department issued an order rejecting the claim on the basis that no application for benefits had been filed within 1 year of a physician's diagnosis of work–related hearing loss, and on July 6, 1976, the Department reaffirmed this order. Claimant served a notice of appeal upon the Board of Industrial Insurance Appeals, and the Board granted the appeal. On September 29, 1977, the Board entered an order reversing the Department and ruled the claim was not barred by the 1–year statute of limitation.

The employer, Longview Fibre Company, a self–insured employer, filed a notice of appeal on October 11, 1977, with the Superior Court for Cowlitz County and served the

notice by mail on the Board, the claimant, and the Department of Labor and Industries at its headquarters in Olympia. On December 29, 1977, claimant moved the Superior Court to dismiss the appeal on the basis that the employer failed to perfect the appeal pursuant to RCW 51.52.110, which requires service of the notice of appeal on the *Director* of the Department of Labor and Industries, personally or by mail. The Superior Court found substantial compliance with the statute and denied claimant's motion for dismissal.

The Superior Court heard the appeal and rendered an oral decision in favor of the employer on April 24, 1978, reversing the decision of the Board. On April 27, 1978, claimant filed a motion for dismissal notwithstanding the trial court's decision, again on the basis of lack of jurisdiction for failure to serve a notice of appeal on the Director. The trial court denied the motion and entered judgment for the employer.

The sole issue on review is whether service by mail on the Department of Labor and Industries building containing the Director's office is sufficient to satisfy RCW 51.52.110, which provides in part:

> Within thirty days after a decision of the board to deny the petition or petitions for review upon such appeal has been communicated to such worker, beneficiary, employer or other person, or within thirty days after the final decision and order of the board upon such appeal has been communicated to such worker, beneficiary, employer or other person, or within thirty days after the appeal is deemed denied as herein provided, such worker, beneficiary, employer or other person aggrieved by the decision and order of the board may appeal to the superior court.
> . . . *Such appeal shall be perfected* by filing with the clerk of the court a notice of appeal and *by serving a copy thereof by mail, or personally, on the director and on the board.*

(Italics ours.)

■ The superior court has limited appellate jurisdiction in worker's compensation matters, and strict compliance with the jurisdictional requirements of RCW 51.52.110 must be shown affirmatively by the record. *E.g., Wiles v. Department of Labor & Indus.*, 34 Wn.2d 714, 209 P.2d 462 (1949); *Lidke v. Brandt*, 21 Wn.2d 137, 150 P.2d 399 (1944); *Rybarczyk v. Department of Labor & Indus.*, 24 Wn. App. 591, 602 P.2d 724 (1979); *Smith v. Department of Labor & Indus.*, 23 Wn. App. 516, 596 P.2d 296 (1979). Where a judgment is entered by a court which has not first secured jurisdiction over the cause, such judgment is void and of no effect. *Wiles v. Department of Labor & Indus., supra.*

Claimant argues that the judgment of the Superior Court is void because the word "Director" was not on the envelope containing the employer's notice of appeal. He makes no claim that the alleged defect in addressing the envelope affected the outcome of the case or deprived the Department of the opportunity to be heard. The Department makes no such claim. Under RCW 51.52.110, a self–insured employer *shall* appear in a claimant's appeal proceedings, while the Department *may* appear. The Department did not appear in the present case. Clark Blazer, manager of self–insurance for the Department, explained in an affidavit:

> That the Department's policy is to consider the prosecution of an appeal by a self–insured employer to be the responsibility of that employer and while the Department has the statutory authority, at either the Board of Industrial Insurance Appeals or the Superior Court level to participate in a case, has rarely done so except where the outcome could influence the Department's procedure in claims handling.

■ The sole issue presented in the Superior Court proceedings was the timeliness of the filing of Mr. Saltis' claim. Claimant correctly points out that the inaction of the Department cannot remedy a jurisdictional defect in the notice of appeal. *MacVeigh v. Division of Unemployment Comp.*, 19 Wn.2d 383, 142 P.2d 900 (1943). But we hold

that notice addressed to the Olympia office of the Department of Labor and Industries, where the Director's office is located, is not jurisdictionally defective under RCW 51.52-.110.

The statute provides for two methods of serving the Director: by mail, or personally. The disjunctive "or" permits service by one method, exclusive of the other. Hence, we distinguish the present case from the cases cited by claimant in which faulty *personal* service was attempted. In *Lidke v. Brandt, supra,* personal service upon an assistant supervisor of the Department's Spokane office was held insufficient, and in *Smith v. Department of Labor & Indus., supra,* service on the Attorney General's office was held insufficient, even though the Attorney General's office filed a notice of appearance on behalf of the Department. Likewise, *Rybarczyk v. Department of Labor & Indus., supra,* involved service on the wrong parties and was held insufficient.[1] The employer in the present case did not attempt personal service on the wrong parties, but mailed his notice to the Department in Olympia, where the Director's office is located. It appears, by affidavit of an employee of that office,

> That the mail receiving room in the Department of Labor and Industries in said building has instructions to deliver Superior Court notices of appeal by employers received to the office of the Director of the Department of Labor and Industries.
> That normally the Director of the Department of Labor and Industries does not review each notice of appeal received and such notices are forwarded by the undersigned to the appropriate office.

Since notices of appeal mailed to the Department are by policy of the Director routinely delivered to the Director,

---

[1]While *Rybarczyk v. Department of Labor & Indus.,* 24 Wn. App. 591, 602 P.2d 724 (1979) does not expressly state whether service was attempted to be made personally or by mail, its reliance on the language in *Lidke v. Brandt,* 21 Wn.2d 137, 150 P.2d 399 (1944) that "personally" in RCW 51.52.110 "can refer to no one but the director himself" indicates that *Rybarczyk* involved personal service.

and since it is the Department which may elect to appear in response to such notices under RCW 51.52.110, failure to include the word "Director" on the envelope was at most a technical defect. The general purpose of a notice of appeal is to inform the party in whose favor a judgment or decree has been rendered that the unsuccessful party desires a review of the case by a higher tribunal. Admittedly, the notice is jurisdictional, but where the deficiency in the notice is one of form only, and not of substance, the court is not necessarily deprived of jurisdiction. *Department of Transp. v. Galley,* 12 Ill. App. 3d 1072, 299 N.E.2d 810 (1973).

■ We recognize there is always a risk that a notice which is sent by mail may not reach the intended person, but this is not the test for legal sufficiency. The test is rather whether the notice was reasonably calculated to reach the intended parties. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1949); *State v. Wenof,* 102 N.J. Super. 370, 246 A.2d 59 (1968). This test was met by the employer in the present case.

Judgment affirmed.

REED, C.J., and PETRIE, J., concur.

Reconsideration denied February 14, 1980.

Review granted by Supreme Court April 24, 1980.