[Nos. 46911, 47007. En Banc. December 24, 1980.]

*In the Matter of* JOSEPH S. SALTIS.

THE CITY OF SPOKANE, *Petitioner,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Petitioner,* ROBERT A. WILSON, *Respondent.*

*Chris A. Sternagel* and *Richard L. Norman* (of *Springer, Norman & Workman*), for petitioner Saltis.

*James Sloane, Corporation Counsel, Christine Cary, Assistant, Slade Gorton, Attorney General,* and *Thomas R. Chapman, Assistant,* for petitioners City of Spokane, et al.

*Wayne D. Purcell* (of *Studley, Purcell, Spencer, Guinn & Roesch*) and *Thomas Milby Smith,* for respondent.

HOROWITZ, J.—This case consolidates review of two Court of Appeals decisions that considered the superior court's appellate jurisdiction to review decisions of the Board of Industrial Insurance Appeals. In *Spokane v. Department of Labor & Indus.,* 25 Wn. App. 1039 (1980), Division Three of the Court of Appeals held (in their unpublished opinion) that the Superior Court in that case lacked jurisdiction to review the Board's decision because there was no proof of service of the notice of appeal on the Director of the Department of Labor and Industries, pursuant to RCW 51.52.110. In *In re Saltis,* 25 Wn. App. 214, 607 P.2d 316 (1980), Division Two of the Court of Appeals reached the opposite result in a similar case involving a self–insured employer. The only question raised by both cases regards the sufficiency of service of the notice of appeal. We will first consider the issue as raised in *Spokane,* and then apply our analysis to *In re Saltis.*

## I

### City of Spokane

Robert Wilson suffered an injury while employed by the City of Spokane. The Department of Labor and Industries awarded him 25 percent permanent disability. On review, the Board of Industrial Insurance Appeals found Wilson totally disabled. The City of Spokane appealed the Board's determination to the Superior Court. A jury reversed the Board and reinstated the Department's smaller award. Wilson appealed to the Court of Appeals on substantive grounds. The majority affirmed the trial court decision, and Wilson's motion for reconsideration was denied. Wilson then filed a second motion for reconsideration, raising for the first time the issue of proper service of the notice of appeal on the Director of the Department.

The notice of appeal was directed on its face in the following manner:

> To: Board of Industrial Insurance Appeals of the State of Washington, and Director, Department of Labor and Industries

However, there was no evidence, such as an affidavit of mailing, that the Director had been properly served. Attached to the second motion for reconsideration were affidavits purporting to demonstrate that there was no proof of proper service on the Director. It seems beyond doubt that the Department had notice of the proceeding. The State briefed and argued the substantive issues appealed. On the basis of the second motion for reconsideration, however, Division Three withdrew its earlier opinion and dismissed the appeal to Superior Court because the court lacked jurisdiction. Besides the major issue of the adequacy of service upon the Director, *Spokane* also raises issues regarding Wilson's ability to raise the issue of proper service for the first time in his second motion for reconsideration and regarding the propriety of the Court of Appeals disposition of the factual question of service on the basis of affidavits attached to the motion for reconsideration.

## A
### TIMELINESS

■ The alleged existence of defects that will deprive the court of subject matter jurisdiction may be raised at any time. RAP 2.5(a)(1); *Hunter v. Department of Labor & Indus.,* 19 Wn. App. 473, 576 P.2d 69 (1978). However, petitioners contend that the facts upon which the jurisdictional claim is made must appear from the record, and because it does not affirmatively appear from the record in this case that the Director *did not* receive notice of appeal, Wilson's belated development of this issue is precluded. Suggested as analogous to the case at bar are several cases holding that a statute of limitation claim must appear in the record even though, as a jurisdictional matter, it may be *raised* for the first time on appeal. *Williams v. Department of Labor & Indus.,* 45 Wn.2d 574, 277 P.2d 338 (1954); *Wheaton v. Department of Labor & Indus.,* 40 Wn.2d 56, 240 P.2d 567 (1952); *Gilbertson v. Department of Labor & Indus.,* 22 Wn. App. 813, 592 P.2d 665 (1979).

These cases are clearly distinguishable from the case at bar. Each considers the jurisdiction of the *Department,* not the superior court. In each of these cases, the superior court in its appellate function was limited to a review of the Department's fact–finding regarding its own jurisdiction. In making that determination of whether the statute of limitations had run, the superior court was limited to examination of those facts raised before and considered by the Department.

That is not the case here. The question of *superior court* subject matter jurisdiction may be raised at any time. RAP 2.5(a)(1). Thus, Wilson's subject matter jurisdiction claim is not untimely and must be considered on its merits.

### B
### PROPER SERVICE

RCW 51.52.110 provides the superior court with appellate jurisdiction over Board decisions:

[A] worker, beneficiary, employer or other person aggrieved by the decision and order of the board may appeal to the superior court.

. . . Such appeal shall be perfected by filing with the clerk of the court a notice of appeal and by serving a copy thereof by mail, or personally, on the director and on the board.

Except as provided in RCW 51.52.110, "all jurisdiction of the courts of the state over [workers' injuries is] abolished" by the industrial insurance act. RCW 51.04.010.

In the past, we have required strict compliance with the elements of RCW 51.52.110 to provide the superior court with appellate jurisdiction. *Lidke v. Brandt,* 21 Wn.2d 137, 150 P.2d 399 (1944) (personal service on Spokane office assistant supervisor was jurisdictionally faulty); *Rybarczyk v. Department of Labor & Indus.,* 24 Wn. App. 591, 602 P.2d 724 (1979) (service by mail on "Board Chairman," not Director of Department, was jurisdictionally faulty). We have refused to allow the superior court to exercise its special limited jurisdiction unless "the steps prescribed by the statute have been followed." *MacVeigh v. Division of Unemployment Compensation,* 19 Wn.2d 383, 385, 142 P.2d 900 (1943) (failure to file notice of appeal with superior court clerk proved jurisdictionally fatal); *Smith v. Department of Labor & Indus.,* 23 Wn. App. 516, 596 P.2d 296 (1979) (personal service mail on Attorney General's office, not Director of Department, was jurisdictionally faulty). Wilson, relying on the cases cited above, claims that the "prescribed steps" have not been followed because, according to his interpretation of the affidavits attached to his motion for reconsideration, service by mail was not made "on the director."

Each of the cases relied on by Wilson involved methods of service which were not likely to provide actual notice to the Director of the Department and in which there was no evidence that the Director had actually received notice of the intent to appeal. *Lidke* was a case of personal service on an individual in the Department's Spokane office, with no

evidence that the notice had been forwarded to the Director. *Rybarczyk* concerned a notice mailed to the *wrong individual* in the Department—routing by name or title would have placed the notice in the Board's office. *MacVeigh* concerned only the failure to file a notice of appeal with the superior court; there is no indication that notice was not properly served. *Smith* involved an appeal in which notice was not filed on *anyone* in the Department, but instead on the independent Attorney General's office.

■■ We do not know in this case how the notice of appeal directed "To: . . . Director, Department of Labor & Industries" was actually "served" by mail; we do not know if the Director received notice. But we can state that, even if an appellant must strictly comply with the statute, service "by mail . . . on the director" must be considered accomplished if there is evidence that the Director actually received notice of appeal. The requirement of service "by mail . . . on the director" does not mean that the envelope containing the notice of appeal must be *addressed to* the Director. Service "on the director" could have been achieved in this case by mailing notice *to* the Department *if,* through routing within the Department, the Director actually received notice of appeal.

Even if we did not consider the cases of *Lidke, Rybarczyk, MacVeigh,* and *Smith* distinguishable because of the clear evidence regarding actual notice to the Director, we would warn against slavish adherence to the precedent they represent. The requirement of notice contained in RCW 51.52.110 is a practical one meant to insure that interested parties receive actual notice of appeals of Board decisions.

As noted by the Court of Appeals in *In re Saltis, supra* at 219, "the test for legal sufficiency . . . is . . . whether the notice was reasonably calculated to reach the intended parties." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1949); *Thayer v. Edmonds,* 8 Wn. App. 36, 42, 503 P.2d 1110 (1972). In cases considering the court's *general* jurisdiction, we have stated

that "substantial compliance" with procedural rules is sufficient, because "delay and even the loss of lawsuits [should not be] occasioned by unnecessarily complex and vagrant procedural technicalities":

> [T]he basic purpose of the new rules of civil procedure is to eliminate or at least to minimize technical miscarriages of justice inherent in archaic procedural concepts once characterized by Vanderbilt as "the sporting theory of justice."

*Curtis Lumber Co. v. Sortor,* 83 Wn.2d 764, 767, 522 P.2d 822 (1974). *See also First Fed. Sav. & Loan Ass'n v. Ekanger,* 93 Wn.2d 777, 613 P.2d 129 (1980); *Malott v. Randall,* 83 Wn.2d 259, 517 P.2d 605 (1974); *Thayer v. Edmonds, supra.* It is true that in these cases service did not perfect subject matter jurisdiction, as it does under RCW 51.52.110. But, as in the case with general procedural rules, the means of establishing superior court jurisdiction under RCW 51.52.110 are aimed primarily at insuring adequate procedural safeguards of timeliness, notice, and appropriate forum. To this extent, the legislature was not unwilling to allow judicial review of a subject otherwise removed from court jurisdiction *if* appeal is promptly requested and affected parties are made aware of the challenge.

Our acceptance of the sufficiency of "substantial compliance" with procedural rules has as much application to this special jurisdictional notice requirement as it has to the more general provisions of the rules of civil procedure. Direction of the notice of appeal to the Department in a manner reasonably calculated to give the Director actual notice of the pending appeal is sufficient to perfect subject matter jurisdiction under RCW 51.52.110.

Thus, we hold that proper service in this case occurred if: (1) the Director received actual notice of appeal to the Superior Court *or* (2) the notice of appeal was served in a manner reasonably calculated to give notice to the Director. As set forth in the next section, this case must be remanded

to the trial court for a factual finding that will determine whether either of these standards was met.

## C
### PROOF OF SERVICE

The Court of Appeals held that the appeal to Superior Court must be dismissed because of its interpretation of the facts of service, as contained in affidavits attached to Wilson's second motion for reconsideration. Because the issue was not raised until after the appellate court had acted on Wilson's substantive claims, this factual evidence of service was not considered at the trial court level.

■ In absence of factual findings, however, the appellate court erred in considering the facts set forth by affidavit before it. It was "inappropriate" for the Court of Appeals "to decide this case on evidence not put before the trial court." *LaMon v. Westport,* 22 Wn. App. 215, 220, 588 P.2d 1205 (1978). As we have noted in a previous case,

> This court is a reviewing court, and, on appeal, considers only such evidence as was admitted in the trial court. On appeal of the case to this court, it would be very unfair to the trial judge to consider evidence in this court which was not before him when he entered his decision in the case.

*Casco Co. v. PUD 1,* 37 Wn.2d 777, 784–85, 226 P.2d 235 (1951). The appeal function does not encompass factual determination of the adequacy of service. The ambiguous character of the "evidence" presented by respondent's affidavits, and petitioners' lack of an opportunity or a mechanism to present rebutting "testimony" demonstrate the wisdom of prohibiting the appellate court from making such a factual determination itself. The affidavits considered by the Court of Appeals were themselves subject to interpretation different from that adopted by the court.

This case thus must be remanded to the trial court for exposition of the facts surrounding service that can prove or disprove whether the notice of appeal was actually received by the Director or was served in a manner reasonably calculated to give him notice. RAP 9.11.

## II
## IN RE SALTIS

Our examination of the requirements of service under RCW 51.52.110 with regard to the facts of *Spokane* make it less difficult to dispose of petitioner Joseph Saltis' claim in this action.

Saltis sought benefits from Longview Fibre Company, a self–insured employer under the industrial insurance act, for an employment–related hearing loss. The Board of Industrial Insurance Appeals allowed the claim. Longview Fibre appealed to the Superior Court, serving notice of appeal by mail on the "Department", not the "director" of the department. Saltis moved in Superior Court to dismiss the appeal for failure to comply with RCW 51.52.110 in serving notice of appeal on the Director of the Department. The Superior Court denied the motion, ruling that the employer had substantially complied with the statute. Thereafter the trial judge reversed the Board's decision, finding for the employer. Saltis again moved for dismissal on his jurisdictional claim, and the motion was again denied and judgment for the employer was entered.

Saltis appealed to Division Two solely on the jurisdictional service issue. Division Two affirmed, holding that the failure to address the notice to the "director" was at most a technical defect and insufficient to deprive the court of jurisdiction. We granted Saltis' petition for review.

We now, however, will affirm the Court of Appeals decision in this case. As was established at trial, the method of service effected was reasonably calculated to give notice of appeal to the Director; in the ordinary course of business, the routing of mail in the Department would cause the notice of appeal to be served upon the Director:

> [T]he mail receiving room in the Department of Labor and Industries . . . has instructions to deliver Superior Court notices of appeal by employers received to the office of the Director of the Department of Labor and Industries.

Affidavit of Sharon K. Bright. This is sufficient under the analysis adopted in our consideration of *Spokane.*

We therefore must reverse the decision of the Court of Appeals, Division Three, in *Spokane,* and remand the case to the Superior Court to determine whether the Director received actual notice of appeal or if the notice of appeal was served in a manner reasonably calculated to give notice to the Director. On the basis of evidence at the trial court level that the service in *In re Saltis* was reasonably calculated to give notice to the Director, we must affirm the decision of the Court of Appeals, Division Two, that substantial compliance with RCW 51.52.110 perfected the appeal to Superior Court and dismiss the appeal.

It is so ordered.

UTTER, C.J., and BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

ROSELLINI and STAFFORD, JJ., concur in the result.

Reconsideration denied February 13, 1981.