**FILED**
**OCTOBER 17, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of | ) | No. 36494-1-III |
| | ) | |
| TRACEY JANE JEAKINS | ) | UNPUBLISHED OPINION |
| | ) | |

PENNELL, A.C.J. — On September 19, 2018, Tracey Jane Jeakins pleaded guilty in Spokane County Superior Court to possession of a stolen motor vehicle. The superior court sentenced Ms. Jeakins that same day, and exercised its authority to impose a first-time offender waiver under RCW 9.94A.650. Because of an error in the judgment and sentence, the Department of Corrections (DOC) filed a postsentence petition for review under RCW 9.94A.585(7) and RAP 16.18.

No. 36494-1-III
*In re Postsentence Review of Jeakins*

FACTS AND ANALYSIS

At the time of Ms. Jeakins's sentencing, the superior court also imposed several conditions of community custody. However, the court did not specify the length of community custody being imposed. The failure to specify a period of community custody under RCW 9.94A.650(3) constituted an error of law. *State v. Broadaway*, 133 Wn.2d 118, 136, 942 P.2d 363 (1997).

When the DOC identifies a legal error in a judgment and sentence, it has 90 days from the date in which it receives the judgment and sentence to file a petition for review of the sentence with this court. RCW 9.94A.585(7); RAP 16.18(a)-(b). Prior to filing its petition, the DOC must certify that "all reasonable efforts to resolve the dispute at the superior court level have been exhausted." RCW 9.94A.585(7).

In the present case, on October 15, 2018, approximately one month following sentencing, the DOC sent an e-mail to the deputy prosecutor with its concerns as to the lack of a community custody term in the judgment and sentence. From the record before this court, it appears the prosecutor received the e-mail, but otherwise failed to respond. Then on December 17, approximately one week prior to the expiration of the petition filing deadline, the DOC sent a follow-up e-mail to the prosecutor. This second e-mail

2

was also sent to Ms. Jeakins's former trial counsel and the superior court's judicial

assistant.[1] The DOC then filed the present petition in this court on December 18.

Upon filing its petition, the DOC mailed a copy to Ms. Jeakins at her last known

address, as required by RAP 16.18(c) and RAP 18.5(a). However, it does not appear that

Ms. Jeakins received actual notice of the petition. This court's letters to the same address

notifying Ms. Jeakins of her right to counsel and a determination as to indigency, and

filing deadlines, were returned as undeliverable. This court was subsequently informed

that Ms. Jeakins no longer resides at that address, her location was unknown, and that she

had active warrants for her arrest. At present, those warrants remain active and unserved.

The failure to provide Ms. Jeakins with actual notice of the DOC's petition

causes concern about Ms. Jeakins's due process rights. However, the test for due process

is not whether actual notice is received, but whether the notice was sent in a manner

"reasonably calculated to reach the intended parties." *In re Saltis*, 25 Wn. App. 214, 219,

---

[1] We question whether waiting another two months, until less than a week remained before the postsentence review filing deadline, to involve defense counsel and the superior court satisfies the DOC's duty to exhaust "all reasonable efforts." *Id*. It often takes a week or more of forewarning before the State can re-summons a defendant into court and for the court to have room on its calendar to add another matter. Furthermore, this statutory requirement was put in place in order to conserve the appellate court's limited resources, which does not happen when all the parties agree on the outcome of a particular matter—as is the case here.

607 P.2d 316 (1980) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 318, 70 S. Ct. 652, 94 L. Ed. 865 (1949)). Mailing notice to a party's last known address satisfies this requirement. *Id.*; *City of Redmond v. Arroyo-Murillo*, 149 Wn.2d 607, 619, 70 P.3d 947 (2003). Accordingly, this court is permitted to resolve the DOC's petition without any participation by Ms. Jeakins.

As previously stated, *Broadaway* makes clear that the superior court was required to specify the exact period of community custody being imposed. The DOC and the State both agree. Accordingly, we grant the DOC's petition.

The final question for this court is whether, on remand, the superior court can amend the judgment and sentence and treat this as a scrivener's error under CrR 7.8(a) or whether the court must hold a resentencing hearing. Because the first-time offender statute grants the superior court discretion to determine the term of community custody being imposed, the superior court must conduct a resentencing in order to exercise its discretion. *See Broadaway*, 133 Wn.2d at 136.[2] Because resentencing is a critical stage in the proceedings for which the right to be present attaches, the superior court will not be able to hold this hearing until Ms. Jeakins can be brought before the court in person.

---

[2] Our decision about Ms. Jeakins's presence would be different, if the period of community custody was fixed by statute, and not discretionary, like it is for other crimes. *See State v. Ramos*, 171 Wn.2d 46, 246 P.3d 811 (2011).

No. 36494-1-III
*In re Postsentence Review of Jeakins*

*State v. Rupe*, 108 Wn.2d 734, 743, 743 P.2d 210 (1987).

CONCLUSION

The case is remanded to the superior court for partial resentencing in accordance with the terms of this decision.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.

5